OCTOBER AND NOVEMBER TERM, 1883, No. 177.   OCTOBER 2, 1883.

## Snyder Chapel *v.* Baer.

1. A sub-contractor filed a mechanics' lien against a building for work done thereon, and set out in the claim the amount of the contract-price and the amount for extra work, in round sums. After the hearing of a motion to strike off the lien, the plaintiff filed an amendment, setting forth the names of the workmen, their time, and the amount of wages paid to each, and reducing the total amount of the lien. *Held,* That the amendment was within the act of 11th June, 1879, P. L., 123, being " conducive to justice and a fair trial on the merits." *Held,* further, that although the evidence showed that the contract was for a round sum, the lien as amended was sufficient.

2. The fact that the statute authorizes the changing, adding and striking out the names of claimants, and the adding of the names of owners and contractors, does not limit the act to such amendments.

3. The right of amendment extends to the form and manner of setting forth the items of the claim.

4. A sub-contractor may file a mechanics' lien and bind a building for work and labor, notwithstanding he had a special contract with the contractor for a specific sum.

5. It is not error requiring reversal for the Court, on a motion to strike off a lien, to deny it, without prejudice on the trial of the cause on the question raised.

Before SHARSWOOD, C. J. ; MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT, and GREEN, JJ.

[Snyder Chapel *v.* Baer.]

Error to the Court of Common Pleas of *Westmoreland County.*

*Scire facias sur* mechanics' lien filed by E. D. Baer against Snyder chapel of the Methodist Episcopal church of West Newton, Westmoreland county, Pennsylvania, owner, or reputed owner, and Harry Deeds, contractor.

The lien was filed April 21, 1881, against the church building erected for the corporation defendant, and set out the claim of the plaintiff as follows:

"1. To amount of contract price of contract entered into with Harry Deeds, contractor, for the building of 'Snyder Chapel' of the Methodist Episcopal Church, of West Newton, a corporation, about June, 1880, . . . . . . . . . . . . . . . $270 00

Last work done on said contract on December 3, 1880.

2. To amount of extra work, done under bargain with the contractor, ending about 1st November, 1880, . . . . . . . . . . . . . . 25 75

|  |  |  |
|---|---|---|
|  |  | $295 75 |
| Credit by cash, . . . . . . . . . . . . . . | $38 00 |  |
| Brick, sand and lime, (about,) . . . . . | 10 00 |  |
|  | ——— | 48 00 |

Balance due,. . . . . . . . . . . . . . . . .$247 75"

On 3d October, 1881, a motion was made to strike off the lien, because "the same is filed by a sub-contractor, and does not give such a sufficient and certain statement with respect to the work alleged to be done as is necessary; that the same is filed for a round price or sum without stating the nature or kind of work done, the time when the same was commenced or finished, nor the value of the work done."

On 22d October, 1881, the Court made the following order: Motion denied without prejudice on the trial of the cause on the question raised.

On 5th November, 1881, a rehearing of the motion to strike off was ordered, and after hearing, but before any order of the Court was made, the plaintiff filed an amendment, 13th January, 1882, by substituting the following statement of the work and labor done:

1. Carpenter work done on the basement, on the steeple, and in putting on the roof of said building, ending on 3rd of December, 1880:

[Snyder Chapel *v.* Baer.]

| | | | | | | |
|---|---|---|---|---|---|---|
| By J. T. Baer, | 21¼ days, . . . . . . | at $1 | 75 | $37 | 62 |
| " T. Garvin, | 11½ " . . . . . . . | " 1 | 50 | 17 | 25 |
| " J. C. Baer, | 8½ " . . . . . . . | " 1 | 25 | 10 | 62 |
| " Wm. L. Adams, | 10½ " . . . . . . | " 1 | 50 | 15 | 75 |
| " J. P. Swoger, | 1¾ " . . . . . . | " 1 | 50 | 2 | 62 |
| " Morris Fulmer, | 2 " . . . . . . | " 1 | 50 | 3 | 00 |
| " S. Brewer, | 1 " . . . . . . | " 1 | 50 | 1 | 50 |
| " A. F. Markle, | 5¾ " . . . . . . | " ·1 | 25 | 7 | 19 |
| " W. A. Menoher, | 10 " . . . . . . | " 1 | 50 | 15 | 00 |
| " J. W. Darr, | 13 " . . . . . . | " 1 | 25 | 16 | 25 |
| " Wm. Nahr, | 4½ " . . . . . . | " 1 | 25 | 5 | 31 |
| " E. D. Baer, | 21 " . . . . . . | " 2 | 25 | 47 | 50 |
| " W. H. Hough, | 3 " . . . . . . | " 1 | 50 | 4 | 50 |

$183 86

2. Carpenter work done by E. D. Bear, first floor,	3 00
3. Hauling lumber for said building :

| | | | | | | |
|---|---|---|---|---|---|---|
| By J. T. Baer, | 2 days, . . . . . . | at $1 | 50 | $3 | 00 |
| " W. H. Hough, | 2 " . . . . . . | " 1 | 50 | 3 ·00 | |
| " J. C. Baer, | 1 " . . . . . . | " 1 | 50 | 1 | 50 |
| " E. D. Baer, | 1 " . . . . . . | " 1 | 50 | 1 | 50 |

$195 ·86

*Second.* To amend in the main body of the lien, by substituting instead of the amount claimed, viz: $247 75, the sum of one hundred and ninety-five and eighty-six one hundredths dollars, with interest as aforesaid.

On the trial in the court below, before HUNTER, J., the defendants filed a special plea that " the plaintiff ought not to be allowed to maintain and support this action and *sci. fa. sur M. L.*, because the same as originally filed and as amended is insufficient in law in this that it does not state the amount, nature, and kind of work purported to be done, nor when done, nor for whom, as is required by the act of Assembly.

That as the work alleged to have been done was done, if at all, for the said Deeds, they being sub-contractors, the lien filed and as amended does not comply with the provisions of the act of Assembly, and of this judgment is prayed by the court."

The testimony showed that Deeds Brothers, the contractors, entered into a contract with E. D. Baer, the plaintiff, as sub-contractor, by which Baer was to do a certain amount of work on the first or basement floor for a fixed price or round sum of money, to wit : $270, and also another contract by which he was to receive $25 for

[Snyder Chapel *v.* Baer.]

extra work. All the work done by Baer was done by virtue of these contracts.

Defendants submitted the following point for charge, which the Court reserved : "That under the lien as filed with the amendment thereto, together with the pleadings and evidence, there can be no recovery on the part of the plaintiff and the verdict must be for the defendant."

The Court reserved the question upon this point.

MARCH 9, 1883.—Verdict for plaintiff for $152 53.

The Court entered judgment for the plaintiff upon the point reserved, and filed the following opinion :

"On the 2d of October, 1881, a rule was obtained to strike off the lien, which was denied without prejudice. Afterwards the lien was amended under act of 11th June, 1879, whereupon a special plea in the nature of demurrer was filed, and on the trial of the cause the point reserved raised the same question.

We may have been over-cautious in allowing the case to take this course, yet still the question may here be considered and ruled : Fahnestock *v.* Speer, 11 Norris, 146.

The point submitted involves two questions : *First,* is the amendment within the meaning and intent of the act of 1879, and if so, *second,* is the amended lien sufficient?

It is true that the amendment came late, but if allowable at all, it might be made in any stage of the proceeding by the terms of the act. Was then the amendment within the meaning of the act? We have had but little construction hitherto of the statute, as it is of but comparatively recent date. The question was raised in Philadelphia, in Young *v.* Harper, 12 W. N. C., 304, and the amendment there asked for allowed by the Court, but under the practice of the Court to allow amendments of a general character. In Fahnestock *v.* Wilson, 9 W. N. C., 385, an amendment similar to the one in this case was refused, reversing the Court below, but on the ground that the act of 1879 was not retroactive. In delivering the opinion of the Court, however, Mr. Justice Trunkey remarked (in answer to the position of counsel), that "the act (of 1870) confers an important right to the claimant, and subjects the building to additional liabilities and its owner to increased risks." The words of the act, viz: "To permit amendments conducive to justice and a fair trial upon the merits," would indicate that it was the intention of the Legislature to allow all amendments going to cure defects and remove technical objections.

The plaintiff, being a sub-contractor, is denied the benefit of the act of 1845, and must proceed under or de-

pend upon the act of 1836: Russell *v.* Bell, 8 Wr., 47. Does his amended lien or bill of particulars then come up to the requirements of the act of 1836?

The only objection we can see to it is that the bill of particulars has but one date, but the date specifies that it was the ending of the work, while in the body of the lien it is set forth that the work was done within six months past. The date is December 3, 1880, and the lien was filed April 21, 1881. The items in the claim are given, even to the names of the workmen and the *per diem* charge for each, and the number of days. One date has been sustained: Rush *v.* Able, 9 Norris, 153 ; Calhoun *v.* Mahon, 2 Harris, 56 ; see, also, Bayer *v.* Reeside, *Ibid.,* 167.

The authorities on this question are admirably collected in Trickett's Law of Liens, pp. 63, 64.

The cases largely relied upon by defendants' counsel, Shields *v.* Garrett, 5 W. N. C., 120, and Gray *v.* Dick, 1 Out., 142, ruled questions which came up under the act of 1849, applicable to Philadelphia and Chester counties only, and has no similarity to the act of 1879. The act of 1849, as to these counties, might be looked upon as a mere supplement to the act of 1845.

After all the research I could give—and the question is not without difficulty — I am satisfied that judgment should be entered on verdict. And now, July 30, 1883, the point submitted, and which was reserved, is refused, and judgment on the verdict to be entered of record on payment of the jury fee."

Defendants then took out a writ of error, and assigned as error the action of the Court in entering judgment for the plaintiff upon the point reserved, in holding that, though the evidence was a contract for a specified sum, the amendment cured the defect in the lien as originally filed, and in not striking off the lien on the motion.

*W. H. Klingensmith* and *John Barton* for plaintiffs in error.

The lien, as originally filed, was defective, because it set out that a particular amount of work was done by a sub-contractor for a fixed price. The Court should have determined this question upon the motion to strike off.

The testimony shows a contract for a round or lumping charge ; and no recovery can therefore be had upon the amended statement filed. When a sub-contractor makes a contract for a definite amount of work for a stipulated sum, he cannot recover upon a lien filed against the

[Snyder Chapel v. Baer.]

owner: Russell v. Bell, 8 Wr. 47; Lee v. Burke, 16 P. F. Sm., 336; Fahnestock v. Speer, 11 Norris, 146; Gray v. Dick, 9 W. N. C., 555; Shields v. Garrett, 5 W. N. C., 120.

The act of 11th June, 1879, P. L., 122, allows amendments in formal parts of the lien only. It should be strictly construed like other acts relating to mechanics' liens: Fahnestock v. Wilson, 9 W. N. C., 385. The act only relates to the adding to or striking out the names of owners, contractors, and claimants: Shields v. Garrett, 5 W. N. C., 120; Gray v. Dick, 1 Out., 142.

Every reservation of a question should place distinctly upon the record what the point is which is reserved and the facts out of which it arises: Ferguson v. Wright, 11 P. F. Sm., 258; Com'th v. McDowell, 5 Norris, 377; Irwin v. Wickersham, 1 Casey, 316; Wilson v. Steamboat Id., 317; Winchester v. Bennett, 4 P. F. Sm., 510; Wilde v. Trainor, 9 Id., 439; Edmonson v. Nichols, 10 Harris, 74; Lyons v. Divelbis, 10 Id., 185; Car Co. v. Lumber Co., 3 Out., 605. The judgment, to be pronounced, should be specified as in a case stated: Robinson v. Myers, 17 P. F. Sm., 9; Act 9th April, 1862, 5 W. & S., 537, 8 Id., 133.

*Moorhead & Head* for defendant in error.

The sub-contractor had the right to file the lien. See act 16th April, 1845, under which an itemized account was unnecessary: Young v. Lyman, 9 Barr, 449. Under the act of 1836, it was held that a sub-contractor could not charge the building according to his contract with the contractor, but only according to the work done or materials furnished, though it may be for a round sum: Russell v. Bell, 8 Wr., 47; Lee v. Burke, 16 P. F. Sm., 339. Even if the original lien was irregular, the amendment fully apprized the owner of the nature of the claim.

The act of 1879 permits all "amendments conducive to justice and a fair trial on the merits": Young v. Harper, 12 W. N. C., 304; Fahnestock v. Wilson, 9 Id., 385.

The special plea was in the nature of a demurrer and was too late: Fahnestock v Speer, 11 Norris, 146.

The jury found the disputed facts in favor of the plaintiff, and the point was properly reserved: Wilde v. Trainor, 9 P. F. Sm., 439; Car Co. v. Lumber Co., 3 Out., 605.

· OCTOBER 15, 1883.—PER CURIAM: The amendment allowed by the Court was fairly within the act of 11th June, 1879. P. L., 123. It was conducive to justice, and a fair trial on the merits. The fact that the statute

authorizes the changing, adding, and striking out the names of claimants, and the adding of the names of owners and contractors, does not limit the act to such amendments. The right of amendment extends to the form and manner of setting forth the items of the claim. As amended there is no just objection to the validity of the claim, and no error in the judgment.

Judgment affirmed.