## MARCIA J. KNOX v. DANIEL HILTY.

ERROR TO THE COURT OF COMMON PLEAS NO. 1 OF ALLEGHENY COUNTY.

Argued November 10, 1887—Decided January 3, 1888.

1. Section 2, act of June 11, 1879, P. L. 122, relating to mechanics' liens, etc., does not authorize the introduction by amendment of the name of a person as owner or reputed owner after the statutory time for filing a lien against such person has expired.

2. Nescitur: How it is possible for a court, after final judgment and execution, to strike off a judgment regular on its face, re-open the case and bring in new parties, and then proceed to a new trial and judgment against such parties.

Before GORDON, C. J., PAXSON, STERRETT, GREEN and WILLIAMS, JJ.; TRUNKEY and CLARK, JJ., absent.

No. 196 October Term 1887, Sup. Ct.; court below, No. 13 September Term 1886, C. P. No. 1.

The cause below was an alias scire facias sur mechanics' lien filed to No. 50 March Term 1885, in which scire facias Daniel Hilty was plaintiff and Andrew Knox and Marcia J. Knox, his wife, owner or reputed owner. The plea was not shown.

At the trial on April 26, 1887, before COLLIER, J., the facts

appeared: On January 30, 1885, Daniel Hilty filed a mechanics' lien to No. 50 March Term, 1885, against Andrew Knox, as owner or reputed owner, with a claim for $704.34, for carpenter's work done. On March 18th, a scire facias was issued on said lien to 103 June Term 1885, on which a trial was had resulting in a verdict for the plaintiff on June 2d, for $704.37.* Judgment being entered on said verdict, on July 7th, a writ of levari facias was issued thereon and the premises advertised for sheriff's sale to be held on September 7th, 1885.

On September 5, 1885, on motion of the plaintiff's attorney a rule was granted to show cause, etc., and on September 8th, upon affidavits filed and argument, it was ordered by the court that the levari facias be stayed, that the verdict recovered and judgment entered to No. 103 June Term 1885, be stricken off and the mechanics' lien filed so amended as to add the name of Marcia J. Knox, wife of Andrew Knox, as a co-defendant with her husband in said lien; that the name of Andrew Knox be stricken out as owner or reputed owner and, in lieu thereof, the name of Marcia J. Knox be inserted as owner or reputed owner, and that the said lien be further amended so as to aver that the said work was done on the building therein described and the materials were furnished with the knowledge and consent and at the request and with the authority and under the direction of said Marcia J. Knox, she being the separate owner of the real estate described; and were for the purpose and actually were performed and applied and used in building upon and improving the said separate real estate, and that said work so done and materials furnished were useful and necessary for the enjoyment of the said separate real estate, and that she, the said Marcia J. Knox, promised and agreed to pay the same; "And it is further ordered and directed that the said Marcia J. Knox, co-defendant, etc., be served with notice by an alias scire facias, and that she be allowed a period of thirty days to appear and answer." *

The alias scire facias upon which this trial was had was then issued.

---

* On writs of error to Nos. 194 and 195 October Term 1885, the judgment and order referred to, on January 3, 1885, were reversed and new venire as to Andrew Knox awarded.

At the close of the evidence the defendants requested the court to charge the jury, inter alia, that the verdict and judgment to No. 103 June Term 1885 was an adjudication that Andrew Knox was the original contractor with the plaintiff for the erection of the building and personally liable for the work and materials, which judgment was conclusive upon the plaintiff; that the court had no power on the application of the plaintiff on September 8, 1885, to stay said execution and strike off said judgment; that the order of the court amending the record of the mechanics' lien was void, and the verdict must be for the defendants. The court refused the defendants' point, and a verdict being found for the plaintiff for $550, judgment was entered thereon. Thereupon the defendants took this writ assigning as error, inter alia, the refusal of said point.

*Mr. James Fitzsimmons* (with him *Mr. John S. Robb*), for the plaintiffs in error:

1. A judgment is conclusive not only as to the subject matter determined, but as to every other matter which the parties might have litigated in the case, and which they might have had decided: LeGuen v. Gouvernor, 3 John. Cas. 605; Cromwell v. Sac. Co., 94 U. S. 351; Freeman, Judgments, § 96; Duchess of Kingston's Case, 2 Sm. L. C. 424; Brenner v. Moyer, 98 Pa. 274; Frauenthal's App., 100 Pa. 294; Lewis & Nelson's App., 67 Pa. 166; Conrad v. Insurance Co., 81* Pa. 68; Marsh v. Pier, 4 R. 273; Miller v. Springer, 70 Pa. 274; Bigelow, Estop., 57 et seq. Estoppel by judgment is equally conclusive upon all the parties to the action: Bournonville v. Goodall, 10 Pa. 133; Stevens v. Hughes, 31 Pa. 384; Danziger v. Williams, 91 Pa. 234; Loomis v. Lane, 29 Pa. 242; Carvill v. Garrigues, 5 Pa. 154; Eby's Case, 9 W. & S. 146; Butcher v. South, 10 Phila. 104; the last case almost like the one at bar.

2. There was no pretence of any irregularity in the entering of the judgment. No irregularity appeared on the face of the record. The order striking off the judgment was made at a term subsequent to that at which it was entered. The court was without power to make it; O'Hara v. Baum, 82 Pa. 420; Breden v. Gilliland, 67 Pa. 34; McCutcheon v. Allen, 96 Pa.

319; King v. Brooks, 72 Pa. 363; Reynolds v. Barnes, 76 Pa. 430; Catlin v. Robinson, 2 W. 380; Stephens v. Cowan, 6 W. 513; Beale v. Commonwealth, 25 Pa. 11; Commonwealth v. Mayloy, 57 Pa. 297; Huston v. Mitchell, 14 S. & R. 307; Mathers's Exr. v. Patterson, 33 Pa. 486. "When the term is past, then the record is in the roll and admitteth no alteration, averment or proof to the contrary:" Co. Lit. 260 a; 3 Bl. Com. 407.

*Mr. T. Walter Day,* for the defendant in error:

1. It has long been the practice to permit amendments to mechanics' liens, changing and inserting names of parties, if made within the statutory period of six months: Schriffer v. Saum, 81 Pa. 385; but not after that period has expired: Dearie v. Martin, 78 Pa. 55. But the act of June 11, 1879, P. L. 123, not only authorizes but requires the court "in any stage of the proceedings to permit amendments conducive to justice and a fair trial on the merits." The act confers important powers: Fahnestock v. Wilson, 95 Pa. 301; Synder Chapel v. Baer, 3 Penny. 525; and gave to the court the power to allow the amendments complained of: Lehman v. Thomas, 5 W. & S. 262; Lee v. Burke, 66 Pa. 340; Bolton v. Johns, 5 Pa. 145; Chambers v. Yarnall, 15 Pa. 265.

2. All the authorities cited by the defendants relate to estoppel by judgment in personal actions; under the mechanics' lien law, the proceeding is in rem. The object of the scire facias is but a step towards making the debt out of the property by a judgment that will be against it through the owner. The cases cited are inapplicable.

OPINION, MR. JUSTICE GREEN:

The original claim of lien in this case was filed on January 30, 1885. The last item in the bill of particulars was for labor done on January 7, 1885. The claim was filed against Andrew Knox alone, and contained no averments of any kind as against Marcia J. Knox. A scire facias was issued against Andrew Knox on March 18, 1885, and a trial was had on June 2, 1885, which resulted in a verdict for the plaintiff for $704.37. Judgment was entered on the verdict on June 8, 1885, and a writ of levari facias was issued July 7th, and property advertised

for sale on September 7, 1885. After this on September 8th, the court, at the instance of the plaintiff, made an order staying the levari facias, striking off the judgment, and amending the original claim of lien by striking out the name of Andrew Knox as owner, or reputed owner, and adding the name of Marcia J. Knox, wife of Andrew Knox, so as to make her a co-defendant with her husband, and also further amended the lien by introducing averments of the wife's ownership and her authority for doing the work in question. When this amendment was ordered there was no kind of lien or claim against the wife on the record, and no averments in the lien filed which would make it at all possible to recover against her. On September 8, 1885, when the amendment was made, eight months had expired from the completion of the building and the date of the last item of the claim. It is needless to argue that at that time no valid lien could have been filed against the wife, the statutory period of six months for filing liens having fully expired.

It is almost unnecessary to say that we have repeatedly decided that amendments introducing new parties cannot be made after the statutory period has expired: Russell v. Bell, 44 Pa. 47; Fourth Avenue Baptist Church v. Schreiner, 88 Pa. 124; Dearie v. Martin, 78 Pa. 55. This is conceded by the learned counsel for the defendant in error, but he contends that such an amendment can be made under the provisions of the second section of the act of June 11, 1879, P. L. 122. The words of that section are as follows: " That in case of any mechanics' claim or lien, filed according to existing laws, in any county of this commonwealth, the court having jurisdiction in such case is hereby authorized and required, in any stage of the proceedings, to permit amendments conducive to justice and a fair trial upon the merits, including the changing, adding, and striking out the names of claimants, and by adding the names of owners and contractors respectively, whenever it shall appear to such court that the names of the proper parties have been omitted, or that a mistake has been made in the names of such parties, or too many or not enough have been joined in such case."

There is nothing in this act which in the least degree gives sanction to the idea that the time for filing a lien may be ex-

tended beyond the six months by way of amendment, or that any person may be thus introduced against whom no right to file a lien existed when the amendment was made. If the leg-·islature had any such purpose in view, they certainly would have said so. As a matter of course we could not attribute such a meaning to the act by mere construction, especially as some of our decisions on this subject were made prior to the act. Moreover this act is not materially different from some of our other statutes allowing amendments of the same character and for the same causes ; they are collected in Purd. Dig.,. p. 92, pl. 1 to 7. Independently of this the amendments are to be allowed under the act for the purpose of conducing " to justice and a fair trial upon the merits." If they are to conduce to a fair trial, they would have to be made either before or at the trial, not long after the trial was finished, judgment entered, and execution issued.

We cannot understand how, under this, or any other act, it is possible for a court, after final judgment, and execution issued, to strike off the judgment perfectly regular on its face,. re-open the entire case, amend the cause of action so as to take. in other persons than the original parties, and then proceed to a new trial and judgment as to such other persons. We have not been referred to any case holding such a doctrine, and it seems so entirely inconsistent with all the well established rules of pleading and practice that we have the greatest possible doubts of its correctness. It is not necessary to decide the question in this case, because the other views we have above expressed dispose of it finally. We reverse the judgment on the first, second, sixth, and seventh assignments, saying nothing as to the others.

Judgment reversed.