William McFarland *v.* Henry G. Schultz and William McGall, Appellants.

*Mechanic's lien—Subcontractor—Lumping charge—Amendment.*

A subcontractor must specify the items of his claim for work or material, and a lumping charge for either does not satisfy the requirement of the statute, and should be stricken off on motion.

Such a defect is not purely formal, it is substantial, and it cannot be remedied by an amendment made after the expiration of the time allowed for filing the lien.

Argued March 26, 1895.    Appeal, No. 86, Jan. T., 1895, by defendants, from judgment of C. P. No. 2, Phila. Co., March T., 1893, No. 101, M. L. D., on verdict for plaintiff.    Before STERRETT, C. J., WILLIAMS, McCOLLUM, MITCHELL and DEAN, JJ. Reversed.

Scire facias sur mechanic's lien.

From the record it appeared that the following claim was filed on April 21, 1893 :

" The said William McFarland (carter and digger) files this claim for $158.60 against all those sixteen contiguous three-story brick dwelling houses and lots or pieces of ground situate on the west side of Seventh street, commencing at 200 feet north from the north side of Somerset street, Thirty-third ward, Philadelphia, and more particularly described as follows :

| | | | | | | |
|---|---|---|---|---|---|---|
| 1. | W. side 7th St., | 200 ft. | N. from N. side Somerset St., | | 14 ft. | × 66 ft. |
| 2. | " | 214 | " | " | " | " |
| 3. | " | 228 | " | " | " | " |
| 4. | " | 242 | " | " | " | " |
| 5. | " | 256 | " | " | " | " |
| 6. | " | 270 | " | " | " | " |
| 7. | " | 284 | " | " | " | " |
| 8. | " | 298 | " | " | " | " |
| 9. | " | 312 | " | " | " | " |
| 10. | " | 327 | " | " | 15 ft. | " |
| 11. | " | 342 | " | " | " | " |
| 12. | " | 357 | " | " | " | " |
| 13. | " | 372 | " | " | " | " |
| 14. | " | 387 | " | " | " | " |
| 15. | " | 402 | " | " | " | 56 ft. |
| 16. | " | 417 | " | " | " | 68 ft. |

Apportioned as follows :

1 to  8 inclusive, each $10.00
9 to 12 inclusive, each   9.88
13 to 16 inclusive, each   9.77

" The said sum of $158.60 being a debt contracted for work and labor done, to wit: grading and digging lots, and carting away dirt from the same.

" The said work and labor having been done and performed

at the request of the said owner by William McGall, contractor, within six months last past, for and towards the erection and construction of and upon the credit of said buildings, under and in pursuance of a verbal agreement between the said William McFarland and William McGall, contractor as aforesaid.

"The said work and labor having been done and performed for and toward the erection and construction of the said buildings between Aug. 29, 1892, and Oct. 22, 1892, and the said McFarland claims to have a lien upon said buildings according to the act of assembly, etc.

| No. | 1. | Described as above, | $10 00 |
|---|---|---|---|
| No. | 2. | "    "    " | 10 00 |
| No. | 3. | "    "    " | 10 00 |
| No. | 4. | "    "    " | 10 00 |
| No. | 5. | "    "    " | 10 00 |
| No. | 6. | "    "    " | 10 00 |
| No. | 7. | "    "    " | 10 00 |
| No. | 8. | "    "    " | 10 00 |
| No. | 9. | "    "    " | 9 88 |
| No. | 10. | "    "    " | ·9 88 |
| No. | 11. | "    "    " | 9 88 |
| No. | 12. | "    "    " | 9· 88 |
| No. | 13. | "    "    " | 9 77 |
| No. | 14. | "    "    " | 9 77 |
| No. | 15. | "    "    " | 9 77 |
| No. | 16. | "    "    " | 9 77 |
| | | | $158 60 |

"WILLIAM McFARLAND,
"By his Attorney
"SAML. J. FARROW."

On May 20, 1893, the court discharged a rule to strike off the lien. On June 13, 1893, by permission of the court an amended lien was filed specifying the items of the claim.

At the trial the court gave binding instructions for plaintiff. Verdict and judgment for plaintiff. Defendants appealed.

*Errors assigned* were (1) order discharging rule to strike off lien; (2) allowing amended claim to be filed; (3, 4) instructions for plaintiff as above.

*M. J. O' Callaghan,* for appellants, cited: Russell v. Bell, 44 Pa. 47; Lee v. Burke, 66 Pa. 336; Fahenstock v. Speer, 92 Pa. 146; Fourth Av. Baptist Church v. Schreiner, 88 Pa. 124; Knox v. Hilty, 118 Pa. 430; act of June 11, 1879, P. L. 122; Jobsen v. Boden, 8 Pa. 463; Harlan v. Rand, 27 Pa. 511; Titusville Iron Works v. Keystone Oil Co., 122 Pa. 627; Brown v. Cowan & Steele, 110 Pa. 588; Duff v. Hoffman, 63 Pa. 191; Schenck v. Uber & Tees, 81 Pa. 31.

*Samuel J. Farrow* for appellee, cited: Chapel v. Baer, 3 Penny. 530; Singerly v. Doerr, 62 Pa. 9; Wentroth's App., 82 Pa. 469; Hill v. Newman, 38 Pa. 151.

OPINION BY MR. JUSTICE McCOLLUM, May 30, 1895:

We think it is clear that the claim filed in this case was fatally defective and that the rule to strike it off should have been made absolute. It did not adequately set forth the nature and kind of the work done nor when it was done. The claimant was a subcontractor and bound to strict compliance with the provisions of the statute on which he relied for his lien. The reasons for exacting such compliance were clearly stated by STRONG, J., in Russell v. Bell, 44 Pa. 47, and need not be repeated here. It has been repeatedly held by this court that a subcontractor must specify the items of his claim for work or materials and that a lumping charge for either does not satisfy the requirement of the statute and should be stricken out on motion. If authority for the foregoing views is needed it will be found in Russell v. Bell, supra; Lee v. Burke, 66 Pa. 336; Fahnestock v. Speer, 92 Pa. 146; Brown v. Myers, 145 Pa. 17. The learned counsel for the claimant appears to have recognized the existence of the defects referred to, because, after the rule to strike off the lien was discharged, he sought to cure them by an amendment which was allowed by the court on his motion. It seems now that he relies on this amendment as an answer to the first specification of error. Assuming that the claim as amended would have been sufficient if filed in time the question arises whether the amendment was admissible after the time allowed for filing the claim had expired. He contends that it was and, as sustaining his contention, cites: Chapel v. Baer, 3 Penny. 530. While the report of the case

cited shows that the amendment was made after the expiration of the time allowed for filing the lien, there is nothing in it which indicates that the question we are considering was raised or discussed. The briefs of counsel and the per curiam opinion show that the principal contention related to the nature of the defects which were amendable under the act of June 11, 1879, P. L. 122, rather than to the time when amendments which were admissible could be made. We think, from the report of the case, that the question now before us was not raised in or decided by it.

The statement of the claim in substantial conformity with the statute has hitherto been considered as essential to the validity of the lien. The statute in this particular is mandatory and compliance with it within the time allowed for filing the claim is necessary to the continuance of the lien it gives. The defects in the claim under consideration are not purely formal, but they are substantial and such as were held in Singerly v. Cawley, 26 Pa. 248, to be incurable.

Our conclusion is that the defects were such that the court should have struck off the lien, and that the amendment was not warranted by the act of 1879. In this conclusion we are in accord with our construction of the act in Knox v. Hilty, 118 Pa. 430. We therefore sustain the first and second specifications of error, and, as this renders discussion of the other specifications unnecessary, we dismiss them without comment.

The judgment is reversed, and the rule to strike off the lien is reinstated and made absolute.