## Burrows *v.* Carson, Appellant (No. 1).

*Mechanic's lien—Subcontractor—Lumping charge for labor.*

A mechanic's lien filed by a subcontractor set forth in detail material furnished from April 4 to October 17, with the exact date at which each item was furnished. The claim for labor was lumped as follows: "1911, April 4 to Nov. 20—137 hours labor at 60 cents per hour, $82.20." The claim contained the following additional statement: "Said material and labor was furnished and supplied on the credit of the said new building situate on the lot of ground hereinafter described and substantially consisted of furnishing and erecting stairs in said house. The said material and labor were furnished between the date of April 4, 1911, and November 20, 1911, on which said last mentioned date the last of the materials and labor was furnished to the said house." *Held*, that the item for labor was a lumping charge not properly setting forth the nature and kind of the work done, or when it was done, and should be stricken from the claim. McFarland v. Schultz, 168 Pa. 634, followed.

Argued Dec. 10, 1912. Appeal, No. 268, Oct. T., 1912, by defendant, from order of C. P. No. 1, Phila. Co., Dec. Term, 1911, No. 5,918, M. L. D., discharging rule to strike

out labor item, and in entering judgment for want of an affidavit of defense in case of Harry H. Burrows v. David R. Carson, Owner or Reputed Owner, and Calvin W. Rogers, Contractor. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Reversed.

Scire facias sur mechanic's lien.

The material portion of the claim was as follows:

### CLAIM.

Harry H. Burrows, claimant, files this his claim for the payment of the sum of $194.11, against the building and lot of ground hereinafter described of which said premises Calvin W. Rogers was the contractor and David R. Carson is the owner or reputed owner.

The amount claimed to be due and for which amount claimant has no note or other collateral security is the apportioned sum of $194.11, being the amount due for material and labor done on one of nineteen houses as per the following itemized statement of claim for material and labor covering the house and lot hereinafter described:

1911

| | | | |
|---|---|---|---|
| April | 4. | 2 horses 2 x 10 cut 16 risers 7-$\frac{3}{4}$ x 9 hem ........... | 3.20 |
| | | 1 " 3 x 10 " 4 " " " " ......... | .40 |
| | | 2 " 3 x 9 cut 15 " 8 x 9 " ......... | 3.60 |
| | | 1 pc. 2 x 6 x 16 .............................. | .48 |
| | | 2 " 2 x 3 x 16 .............................. | .48 |
| | | 1 horse 2 x 10 cut 3 risers 9 x 7-$\frac{1}{2}$ hem........... | .30 |
| | | 1 flight box steps 14 risers 9 x 7-$\frac{3}{4}$ with scocias 2-6 wide out to out ............................ | 7. |
| June | 9. | 1 pc. flooring $\frac{7}{8}$ x 2–7 x 2–10 oak ............... | .72 |
| | | 1 " " " " 3– 4 " ................. | .80 |
| | | 1 wall strg. $\frac{7}{8}$ x 8-$\frac{1}{2}$ x 12-0 cut 11 ris. 7-$\frac{3}{4}$ x 9 oak.. | .96 |
| | | 1 " " " " 12-0 " 12 " 8 x 9 " .. | .96 |
| | | 1 " " " " 2-6 " 2 " " x " " .. | .16 |
| | | 8 ft. lin. $\frac{7}{8}$ x 6-$\frac{3}{4}$ WB oak...................... | .44 |

1911

June  9.  1 nosg. $1\frac{1}{8}$ x 4 x 3– 7 oak  
      3  "  "  "  2–10  "  
      22 steps $1\frac{1}{8}$ x 9 x 2–10  "  
      1  "  "  "  3–10  "  
      1  "  "  "  3– 0  "  
      1  "  "  "  3– 0  "  
      1  "  "  "  3– 7  "  
      1 ris. $\frac{7}{8}$ x $7\frac{1}{2}$ x 4– 3 oak  
      1  "  "  "  3– 8  "  
      3  "  "  $7\frac{3}{8}$ x 3– 7  "  
      11  "  "  "  2–10  "  
      14  "  "  $7\frac{5}{8}$ x 2–10  ."  
      1  "  "  "  3– 2  "  
      3 scocias $\frac{1}{2}$ x $\frac{3}{4}$ x 3– 7 oak  
      25  "  "  2–10  "      .................... 21.

June 13.  2 pcs. skirtg. $\frac{7}{8}$ x $8\frac{1}{2}$ x 12–0 oak.................  1.72  
      1  "  "  "  3 x  7–6  "  
      1  "  "  "  "  9–4  "     .................  .76

      5 pcs. face mo. $\frac{7}{8}$ x $3\frac{3}{4}$ x 12–0 oak  
      2  "  "  "  "  "  14–0  "    ........... 3.  
      1  "  "  "  "  "  9–0  "  

      3 pans. $\frac{3}{8}$ x 7  x 12–0 oak  
      1  "  " x $8\frac{1}{2}$ x 12–0  "    .................... 3.07

      44 ft. lin. $\frac{7}{8}$ x 3 cap oak.......................  1.05  
      48  "  $\frac{3}{4}$ x $2\frac{1}{4}$  "  ..........................  .76

      30  "  $\frac{1}{4}$ x $1\frac{1}{8}$  oak  
      30  "  $\frac{5}{8}$ x $1\frac{1}{8}$  "    .......................  .48

      1 rail $2\frac{1}{2}$ x $3\frac{1}{2}$ x 12–0 oak  
      1  "  "  "  12–0 R " for $1\frac{1}{8}$ bal.  
      1  "  "  "  9–4 " " " "  "    ........ 5.04  
      1  "  "  "  7–6 " " " "  "  

      49 balusters $1\frac{1}{8}$ x $1\frac{1}{8}$ x 2–0 oak  
      52  "  "  "  2–4  "    ............ 5.

      1 post 4 x 7 x 4–0 oak........................  1.  
      1  "  "  "  3–2  "  ........................  1.  
      1  "  4 x 4 x 4–0  "  ........................  .75  
      1  "  4 x 7 x 5–0  "  ........................  1.  
      1 newel $6\frac{1}{2}$ x $6\frac{1}{4}$ x 1–0 $2$–$7\frac{1}{2}$ ....................  3.  
      19 ft. lin. $1\frac{3}{4}$ x $1\frac{3}{4}$ S4S hem. or NC. ..............  .20  
      8  "  $\frac{7}{8}$ x  " flooring hem. or NC...........  .32

1911

June 13.  2 pcs. $\frac{7}{8}$ x 2–$\frac{1}{2}$ x 6–2 oak ⎫
          2  "     "     2–8  "  ⎬ ......................     .36

          1 pc. $\frac{7}{8}$ x 3–$\frac{1}{2}$ x 6–4 oak ⎫
          1  "  "     "    6–4   "  ⎬ ....................     .44
          1  "  "     "    3–2   "  ⎭

          1 seat riser $\frac{7}{8}$ x 15–$\frac{1}{4}$ x 4–8 oak ...................     .55
          1 pc. sub $\frac{3}{8}$ x 5–$\frac{3}{4}$ x 4–8 oak.. ....................     .18
          1  "  cap 1–$\frac{1}{8}$ x 1–$\frac{7}{8}$ x 4–8 oak ⎫
          1  "   "    "    6–$\frac{1}{4}$ x 1–11  "  ⎬ .................     .12

          1  "  1–$\frac{3}{4}$ x 3–$\frac{1}{8}$ x 1–10 oak .....................     .10
          15 ft. 2–$\frac{1}{4}$ flooring .............................    1.20
          1 cap 1–$\frac{3}{8}$ x 3–$\frac{7}{8}$ x 1–10 oak....................     .12
          1  "    "    6 x 3–3  "   .....................     .21

          1 pc. $\frac{7}{8}$ x 4 x 2–10 oak ⎫
          1  "  "  "    2–6      "  ⎬ ......................     .26

          1 pilaster 7–16 x 2–$\frac{3}{4}$ x 5–4 oak ⎫
          1    "      "      "    2–10  "  ⎬ ...............     .19

          9 ft. lin. $\frac{1}{2}$ x $\frac{3}{4}$ oak ⎫
          14   "    $\frac{5}{8}$ x $\frac{3}{4}$  "  ⎬ .........................     .07

          1 pan. on landing 3–0 x 2–10 oak. ...............    2.70
          1 outside panel 4–8 x 5–4......................    7.50
          1 seat end................................    3.
          1  "   "  ..............................    3.
          1 seat back 4–5 x 3–8... .......................    4.80

Oct.  17.  1 wall rail 2 x 3 x 12–0. ....................     .96
          2 spandrils 2–8 x 3–0 ......................    5.40
          1 door 2–5–$\frac{1}{2}$ x 5–11–$\frac{1}{2}$ x 1–$\frac{1}{8}$....................    4.50
          1 seat 1–$\frac{1}{2}$ x 4–6 x 1–8 oak.....................    2.40
          1 pc. $\frac{3}{4}$ x 3–$\frac{3}{4}$ x 2–7 oak ⎫
          1  "  "     "    2–4   "  ⎬ ...................     .16

          18 ft. 1 x 6 fencing # 3 NC......................     .54
          20 lin. ft. $\frac{5}{8}$ x $\frac{5}{8}$ NC.............................     .10

          12 cell. ris.  1 x 8 x 2–8 ⎫
          12  "  .steps 1 x 9 x 2–8 ⎬ .................    2.

          2 horses 2 x 10 cut 12 ris. 9 x 8 ................    2.40

1911

April 4 to Nov. 20—137 hours' labor at 60 cents per hr.. .....   82.20
                                                            _____
                                                            $194.11

The said material and labor was furnished and supplied
on the credit of the said new building situate on the lot of

492    BURROWS *v.* CARSON. Appellant (NO. 1).

ground hereinafter described and substantially consists of furnishing and erecting stairs in said house. The said material and labor were furnished between the dates of April 4, 1911, and November 20, 1911, on which said last date the last of the materials and labor was furnished to the said house.

The facts appear by the opinion of the Superior Court.

The owner moved to quash the writ of scire facias for the following reasons:

1. The provisions of the Act of June 4, 1901, P. L. 431, in regard to the issuance and service of the scire facias are unconstitutional because they are in violation of art. III, sec. 7, of the constitution of Pennsylvania prohibiting special legislation regulating the practice in any judicial proceeding.

2. The provisions of the Act of June 15, 1911, P. L. 980, changing the form of the scire facias are unconstitutional because they are in violation of art. III, sec. 3, of the constitution of Pennsylvania requiring the subject of a bill to be clearly expressed in its title.

*Errors assigned* were in the following form:

1. The court below erred in discharging the appellant's rule to strike out of the claim the item of "1911—April 4 to Nov. 20—137 hours' labor at 60 cents per hour, $82.20."

2. The court below erred in discharging the appellant's rule to quash the scire facias issued.

3. The court below erred in entering judgment for want of an affidavit of defense.

*Edward Hopkinson, Jr.*, with him *A. S. Ashbridge, Jr.*, and *Abraham M. Beitler*, for appellants.

*Alfred N. Keim*, with him *Carroll R. Williams*, for appellee.

OPINION BY PORTER, J., April 29, 1913:

The plaintiff filed a mechanic's lien for materials and

labor alleged to have been furnished to a building of which David R. Carson is owner, and for the erection of which Calvin W. Rogers was the contractor.  The claim averred that the work was done and the materials furnished under a contract consisting of a written bid submitted by plaintiff to Rogers, the contractor, to furnish and erect the stairs in sixteen houses according to three sets of plans, designated as Nos. 1, 2 and 3, and the stairs in three single houses according to another set of plans, or nineteen houses in all, for the sum of $3,750; and that said bid was accepted by Rogers.  The claim contained no information as to the amount of work required to be done in these several houses, respectively, nor did it afford any light as to how the total amount due for the work could be apportioned among the several houses.  It did not aver that any work had been done on any of the other houses. So far as the record disclosed the only work done under this contract was that for which the plaintiff filed the lien against this particular house.  The amount for which plaintiff filed this claim is more than one nineteenth of $3,750. This is not, therefore, to be considered as a separate claim filed against this house, with the amount chargeable against it determined by apportionment of an amount due upon a contract which involved other buildings, for the claim does not show any amount due to be apportioned, nor does it show that any amount was charged against any other house.  The claim does sufficiently aver that the material and labor claimed for were furnished to this particular building and upon the credit thereof. The defendant has made no objection to the claim upon the ground that the plaintiff has charged more for the material which went into this house than under the general contract he ought to have charged, the objections are upon other grounds.  The claim stated in detail the kinds and quantities of materials furnished and the dates thereof, and to the form in which such items are stated the defendant made no objection.  The item for labor is in the claim stated in one general charge, thus: "1911 April 4

to Nov. 20— 137 hours labor at 60 ·cents per hour $82.20." David R. Carson, the owner, moved the court to strike out this item of the claim because it did not sufficiently set forth what kind of labor was done, nor when said labor was performed. The court granted a rule to show cause why this item should not be stricken out for these reasons, which rule it subsequently discharged. The plaintiff issued a writ of scire facias on the claim and the defendants thereupon moved to quash the writ, upon the ground that the provisions of the Act of June 4, 1901, P. L. 431, and its supplements, changing the form of the writ of scire facias and regulating the manner of its service were unconstitutional; the court granted a rule to show cause why this motion should not prevail, which rule it discharged. The plaintiff thereupon entered judgment for want of an affidavit of defense. Carson, the owner, appeals and assigns for error the entry of the judgment and the rulings of the court above indicated.

The specifications of error which present questions as to the form of the writ of scire facias and the general right to enter a judgment in default of an affidavit of defense in proceedings upon a mechanic's lien have been considered by this court in the case of Atlantic Terra Cotta Co. v. Carson, recently decided and not yet reported, and it is not necessary that we add ·to what was said in the opinion in that case. The second and third specifications of error are, therefore, dismissed.

The first specification of error refers to the refusal of the court to strike from the claim the charge for labor. Section 11 of the act of June 4, 1901, as amended by the Act of April 17, 1905, P. L. 172, requires that the claim shall set forth: "The amount or sum claimed to be due, and the nature or kind of the work done, or the kind and amount of materials furnished, or both; and the time when the materials were furnished or the work done, or both as the case may be." This is virtually a re-enactment

of the requirements of the Act of June 16, 1836, P. L. 695. The claim of the plaintiff for labor in the present case is thus stated: "1911 April 4 to Nov. 20—137 hours labor at 60 cents per hour $82.20." The only other information as to the nature or kind of the work done, or the time when it was done, is the following statement in the claim: "The said material and labor was furnished and supplied on the credit of the said new building situate on the lot of ground hereinafter described and substantially consisted of furnishing and erecting stairs in said house. The said material and labor were furnished between the dates of April 4, 1911, and Nov. 20, 1911, on which said last mentioned date the last of the materials and labor was furnished to the said house." This plaintiff was a subcontractor, as disclosed by his claim, he contracted not with the owner but with Rogers, the contractor. When, therefore, he filed his claim for work done upon this building he was required to disclose the nature or kind of that work and when it was done. The claim states that the first materials were furnished on April 4, and the last item of materials was on October 17, and as to the material the exact date at which each item was furnished is stated in the claim. Now, stating when the work was done, it is said that it began on April 4, the day when the first materials were furnished, and it was not completed until November 20, more than a month after the last materials were furnished. This covered a period of seven months and a half, and yet the work was done in 137 hours of actual time. This would give less than an hour of time for each working day, and it is manifest that the work was not continuous. No one man was employed in this work from April 4, to November 20, nor any considerable portion of that time. This claim simply indicates that 137 hours of work were put upon the building, or in the preparation of materials to go into the building, some time between April 4 and November 20, 1911, but it absolutely fails to sufficiently indicate at what time during that period the work was done. The

claim also fails to indicate the nature of the work, whether it was done in preparation of the materials at the shop of the plaintiff, or in incorporating them into the building, by carpenters, cabinet makers, assistants or laborers. The objection of the appellant is that this is a lumping charge, and the objection seems to be well taken: Chapman v. Faith, 18 Pa. Superior Ct. 578. If this item of the claim could be sustained, it extended the time within which the plaintiff might have filed his lien by more than a month, for the limit claimed for the work was November 20, yet the claim does not mention a specific day upon which any work was done. This case bears a striking similarity to McFarland v. Schultz, 168 Pa. 634, the claim in which was for work and labor done, to wit: "Grading and digging lots, and carting away dirt from the same. . . . The said work and labor having been done and performed for and about the erection and construction of the said buildings between August 29, 1892, and October 22, 1892." The Supreme Court said in that case, with regard to this statement of the claim: "It did not adequately set forth the nature and kind of the work done nor when it was done. The claimant was a subcontractor and bound to strict compliance with the provisions of the statute on which he relied for his lien." The statement in that case was that the work had been done between certain dates, and it was held that this was not a sufficient statement of when it was done. The statement in the present case is that the work was done between certain dates and we have here the additional element that it appears from the face of the claim that the labor was not continuous. The work for which this plaintiff asserts a lien, if it was performed, went into and its results became a constituent part of the building. The case is clearly to be distinguished from Northern Electric Manufacturing Co. v. Columbia Brewing Co., 47 Pa. Superior Ct. 96, in which the question was whether the notice required to be given by a subcontractor to the owner had been served within the time required

after the completion of his work. The claim filed in that case had attached to and made part of it the contract and specifications under which the work was done, which disclosed that the claimant was required to furnish two distinct electric generators, specific machines, and erect and install them in the building. The claim stated in detail the manner in which the claimants proceeded to execute the contract, stated the value of the various pieces of the machine, at the factory in Wisconsin, that these pieces were shipped upon a certain day, stated to be "being the dates of shipment and not the dates of actual delivery, nor indicating the time of the completion of the erection of the generators in the building." Then followed a statement of the amount which it cost to transport the machines to the brewery in Pennsylvania, and then a statement of the amount which it cost to put the parts together and erect the machines in the brewery. We held that the charge of the cost of erecting the machines in the brewery was not presented as a distinct item of claim, that under the contract the machines were not delivered until they were so erected, and that it appeared, from the claim and the exhibits which were made part of it, that the contract for the delivery of the specific machines was not completed until they were erected in the brewery, and that the notice was in time. The claim in that case disclosed that the contract and specifications clearly revealed to the owner just what work was required under the contract, and the claim distinctly asserted that the claimants had performed the contract according to its terms. The machines there furnished were required to be furnished by the contract between the owner and the principal contractor, they remained distinct entities and did not become constituent parts of the building, as a building. The item for labor in the present case is presented as a distinct item of claim, the plaintiff must recover it as a distinct item if at all. We are unable to distinguish this case from McFarland v. Schultz, 168 Pa. 634. The first specification of error is sustained and

the charge of $82.20 for labor must be stricken from the claim.

The judgment is reversed and the record remitted with a procedendo.