## South Philadelphia Builders' Supply Co. v. Testa et al.

*Mechanics' claims—Lumping charges—Amendments—Act of June 4, 1901.*

1. A mechanic's claim which refers to a bill of particulars, averred to be annexed thereto as a part thereof, showing the kinds, quantities and prices of the materials furnished, is bad if the bill be not annexed, although such a bill had been attached to the notice of the intention to file the claim which had been personally served on the owner.

2. Such a claim may not be amended under section 51 of the Act of June 4, 1901, P. L. 431, after the expiration of the time allowed for filing it.

3. Section 51 is unconstitutional in so far as it attempts to allow amendments of matters of substance after the time for filing the lien has expired.

Motion to strike off mechanic's claim. C. P. No. 1, Phila. Co., Dec. T., 1926, No. 1721, M. L. D.

*John K. Loughlin* and *Samuel W. Woolford, Jr.,* for plaintiff.

*William J. Wilson,* for defendant.

TAULANE, J., April 12, 1927.—The plaintiff, a sub-contractor, filed a mechanic's claim. The owners move to strike it off on the ground that it does not show the kinds, quantities or prices of the materials furnished.

The claim avers: "The said sum of $331.79, being the debt contracted for lime, sand, pebbles, cement and other building supplies . . . at the times and in the quantities and at the prices in the annexed bill of particulars mentioned, . . . which bill the said claimant prays may be taken and considered as part of this lien."

No such bill of particulars is attached to the claim, and the claim nowhere shows the kinds, quantities and prices of the material. Such a claim is defective: American Bar Lock Co. *v.* Pennsylvania R. R. Co., 64 Pitts. L. J. 102; Burrows *v.* Carson, 244 Pa. 6, and McFarland *v.* Schultz, 168 Pa. 634.

The plaintiff concedes this, and asks leave to amend under section 51 of the Mechanics' Lien Law of June 4, 1901, P. L. 431, 454, by attaching a bill of particulars. In his petition to amend, he alleges that the bill of particulars was left out of the claim through the oversight of his attorney in putting the claim together for the purpose of filing, and that a copy of the bill of particulars was attached to the notice of his intention to file the claim which he served on the owners personally, as required by section 8 of the Mechanics' Lien Law of 1901.

The motion to amend was made after the expiration of the time allowed for filing the claim, and the owners oppose the amendment as too late.

Before the Constitution of 1874, a mechanic's claim could not be so amended, and it was held that a lumping charge in a sub-contractor's claim was a matter of substance and a fatal defect, and could not be amended after the expiration of the time for filing the claim: McFarland *v.* Schultz, 168 Pa. 634.

The Supreme Court has inflexibly held "that any provision of the Act of 1901 which is clearly divergent from, and is an advance upon, the law as it stood prior to the Constitution of 1874, is to be regarded as invalid:" Page *v.* Carr, 232 Pa. 371.

In Sumption v. Rogers, 53 Pa. Superior Ct. 109, Rice, P. J., held that section 51 of the Mechanics' Lien Law of 1901, permitting amendments, was unconstitutional in so far as it attempted to allow amendments of matters of substance after the expiration of the time allowed for filing claims, which were not permitted by the law as it stood prior to the Constitution.

And this doctrine was reaffirmed by Porter, J., in Heist v. Montayne, 53 Pa. Superior Ct. 611, and was followed by Weand, J., in Roberts v. MacPhee, 33 Montg. Co. Law Repr. 185, and Stewart, J., in Wint Co. v. Kurecz, 29 Dist. R. 925.

In view of these decisions, we are obliged to refuse the amendment. Amendments have been allowed under section 51 of the Act of 1901, but they were such amendments as were sanctioned before 1874: Young v. Woodring, 3 D. & C. 625; Steinitzer v. Scholl, 24 Dist. R. 719; Thirsk v. Evans, 211 Pa. 239; Vogel Co. v. Grape Products Co., 57 Pa. Superior Ct. 501, 507.

The great learning and sound judgment of the late Judge Rice reconcile us to a conclusion which we would have difficulty in reaching were we unfettered with authority.

And now, to wit, April 12, 1927, the plaintiff's rule to amend is discharged. The defendant's rule to strike off is made absolute.