## Sauers's License.

*Liquor law—Liquor license—Qualifications of applicant.*

An order granting a retail liquor license on a petition containing every averment specified in sections 5 and 6 of the retail license act of May 13, 1887, P. L. 108, but omitting the averment that the applicant is a man of temperate habits and good moral character, is not void, or reversible on appeal for want of jurisdiction. The court has jurisdiction to entertain the application and grant the license upon satisfactory proof of the temperate habits and good moral character of the applicant and of other essential facts. The act does not require that the good character and temperate habits of the applicant shall be averred in the petition or certified to by twelve reputable qualified electors.

Argued May 20, 1903. Appeal, No. 13, April T., 1904, by Margaret Sauers, from decree of Q. S. Allegheny Co., March T., 1903, No. 766, granting a liquor license in case of License of Margaret Sauers and John Sauers, Before RICE, P. J., BEAVER,

ORLADY, W. D. PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Petition for a retail liquor license. Before EVANS, P. J. The facts are stated in the opinion of the Superior Court.

*Error assigned* was order granting a license.

*M. H. Stevenson*, for appellants.—A liquor license is a special privilege, and " the statutes regulating the sale of liquors, and the process for procuring a license are to be strictly pursued : " Hoyniak's License, 9 Kulp, 368.

In all proceedings purely statutory, the jurisdictional facts must appear of record, and the terms of the act must be strictly followed, or no jurisdiction attaches : Cambria Street, 75 Pa. 357 ; Snyder's App., 36 Pa. 166 ; Bennett v. Hayden, 145 Pa. 586 ; Torrance v. Torrance, 53 Pa. 505.

*W. B. Rogers*, with him *Joseph Stadtfeld* for appellees.— Even if the certificate should be considered as not being technically correct, the averment in relation to temperate habits and good moral character is not statutory and is in the form prescribed by court. The court, having inserted the provision for its own convenience, could also waive it, and derive the information from other sources.

The personal knowledge of the court may be taken into consideration in granting or refusing a license ; Gross's License, 1 Pa. Superior Ct. 640 ; Kelminski's License, 164 Pa. 231.

The legal presumption is that the matter was considered and decided within the statutory provisions : Branch's License, 164 Pa. 427 ; Brewing Co.'s License, 14 Pa. Superior Ct. 188 ; Consumer's Brewing Co.'s License, 7 Pa. Dist. Rep. 193.

OPINION BY RICE, P. J., October 5, 1903 :

This was an application for a retail liquor license. So far as material here, the certificate of electors annexed to the petition reads as follows : " We . . . . do hereby certify that we are acquainted with Margaret Sauers and John Sauers, who are an applicant for license in the foregoing petition ; that he is a man of temperate habits, and good moral character ; that we

have good reasons to believe that each and all the statements in the foregoing petitions are true," etc. It was objected in the court below that the electors did not certify "that Mrs. Margaret Sauers is a woman of good moral character and temperate habits." The court overruled the objection and granted the license, having first by a general order to the clerk directed that before the said license should be issued, the applicants should be required to amend their petition and remedy the defect complained of by an affidavit or petition to be filed by them. The supposed defect was remedied in the mode prescribed, whereupon the remonstrants took this appeal, and have assigned for error, first the order granting the license, second the order permitting the amendment. The omission complained of probably resulted from the use of a printed blank prepared for a single applicant and the inadvertent failure to change the verbiage so as to suit the case of an application by a firm. But we need not speculate as to that, for we are unanimously of opinion that there was no such defect in the petition or in the certificate as originally filed as would be ground for reversal. All that the Act of May 13, 1887, P. L. 108, requires in this regard is, that the applicant shall be a citizen of the United States, of temperate habits, and good moral character. It does not require, at least not expressly, that his habits and character shall be certified to by twelve reputable qualified electors of the ward, borough or township. But, says counsel, these are jurisdictional facts, and therefore it is absolutely essential that they be averred in the petition. There would be force in this argument if the legislature had left the question as to what the petition must contain to be determined by the courts under the general principles of the law. What was said by Chief Justice PAXSON at the conclusion of his opinion in Wheelin's Petition, 134 Pa. 554—a case which arose under the wholesale liquor license act of 1887—might then be pertinent. But in the enactment relative to retail liquor licenses the legislature saw fit not to leave this question open, and therefore declared explicitly and in detail what averments the petition and the accompanying certificate must contain. It seems clear, that under such a statute, if they contain all that the legislature has required to be set forth, the court has jurisdiction to entertain the application, and grant the license upon satisfactory proof of the tem-

perate habits and good moral character of the applicant, and of the other essential facts. As the court granted the license it is to be presumed on appeal that these facts were established to the satisfaction of the court; indeed they appear not to have been questioned by the remonstrants. The question is not whether the quarter sessions may in its discretion require the applicant to aver in his petition that he is a man of temperate habits and good moral character, but whether an order granting a retail liquor license upon a petition containing every averment specified in sections 5 and 6 of the retail license act of 1887, but omitting the averment above referred to, is void, or reversible on appeal, for want of jurisdiction. We are not called upon to decide, and therefore express no opinion upon the former question; but we decide the latter question in the negative. This conclusion renders it unnecessary in this case to discuss the question of the power of the court to permit an amendment of the petition.

Order affirmed.