## Walsh's License.

*Liquor law—License—Petition—Citizenship.*

A petition for a liquor license which states that the appellant is a citizen of the United States, and that he was born in Ireland, is not fatally defective because it fails to state in what manner the appellant became a citizen.

Argued Feb. 2, 1904. Appeal, No. 70, Oct. T., 1904, by Patrick J. Walsh, from decree of Superior Ct., April T., 1904, No. 12, reversing order of Q. S. Allegheny Co., March T., 1903, No. 463, granting liquor license in re Petition of Patrick J. Walsh. Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT, POTTER and THOMPSON, JJ. Reversed.

Appeal from Superior Court: See 24 Pa. Superior Ct. 87.
The facts appear by the opinion of the Supreme Court.

*Error assigned* was the judgment of the Superior Court.

*A. L. Pearson, Jr.,* with him *Edwin A. Stowe* and *Edwin W. Stowe,* for appellant.—Citizenship may be acquired without birth within the territory of the United States or without naturalization, by the child succeeding to the status of his father as a citizen: State v. Adams, 45 Iowa, 99 ; Oldtown v. Bangor, 58 Me. 353.

*M. H. Stevenson,* for appellee.

OPINION BY MR. JUSTICE POTTER, April 11, 1904:

The question of amendment does not arise in this case. The appellant stands squarely upon the sufficiency of the petition as originally filed. It is averred by the remonstrants that the petition is defective in that it does not show that the applicant has ever been naturalized. We have the original application before us, and upon inspection we find that it states as a fact that the petitioner is a citizen of the United States; and, further, in compliance with the requirement that the applicant shall state his place of birth, he sets forth that he was born in Ireland.

A printed form of petition was used, with suitable blanks

left to be filled up with pen and ink. This printed form was arranged to suit the case either of one born a citizen, or of one who had become such by means of naturalization.

The third clause of section five of the act of May 13, 1887, which is the statute authorizing this proceeding, requires the statement of the place of birth of the applicant, and if a naturalized citizen, where and when naturalized. In the petition before us, the applicant did not rest with the statement of the place of birth, which was given as Ireland, but in addition he gave the year of birth, and then, as we read the record, added the date, March 12th, of that year. But in writing the date March 12th, the scrivener, no doubt inadvertently, continued along the same line too far, in disregard of the printed vertical lines of division between the two sections of the printed form; and by so doing, the date, March 12th, was placed beneath that portion of the blank form which was intended to be used by a petitioner who had been naturalized. The error, however, is purely a clerical one, and is apparent at a glance.

We do not find anything in the statute requiring the applicant to state the day of the month upon which he was born. If he were a naturalized citizen, he would be required under the act to state where and when he was naturalized. But as a matter of course, if he were not a naturalized citizen, he could make no statement as to any such fact. We are then left to consider whether or not the statement that the applicant was born in Ireland necessarily negatives the preceding averment in the same petition that he is a citizen of the United States.

The opinion of the Superior Court concedes that there is no necessary antagonism between the two statements, and that, taken as a whole, it may be that the petition is not misleading; and yet it holds that the petition was defective, in that, as it suggests, special learning and investigation is required to explain its apparent contradictions. We cannot agree with this conclusion. It is quite possible that one may be a citizen of the United States and at the same time have been born in Ireland; and this without having been personally naturalized. The only learning required to substantiate this statement is a knowledge of the act of congress, and of this the judges of the court would take judicial notice.

By the act of congress of April 14, 1802, Rev. Stat. of U. S. sec. 2172, it is provided that " the children of persons who have been duly naturalized under any law of the United States . . . . being under the age of twenty-one years at the time of the naturalization of their parents, shall if dwelling in the United States, be considered as citizens thereof." The naturalization of the parent in such case is ipso facto, the naturalization of the child, and the rights and privileges of citizenship are at once imputed to the child, to the same extent as though arising from birth.

The statute under which the court of quarter sessions proceeds in granting licenses for the sale of liquor requires the statement of certain specified facts which are essential to the exercise of jurisdiction. But when these facts are stated it is not necessary to state in the petition the proof of their truth.

The testimony taken at the hearing is no part of the record, and is not before us ; but it must be presumed that the evidence to support the allegations of the petition was satisfactory to the judges of the court. And it does appear from the record that the applicant filed an affidavit showing that his father was duly naturalized in the year 1872. The averments of the affidavit taken in connection with the statements set forth in the petition, show that applicant was rightly to be considered as a citizen of the United States. We do not consider this affidavit in the light of an amendment to the petition, but rather as a part of the evidence adduced in support of its allegations. Nor do we regard the petition as being deficient in the presentation of any jurisdictional fact which was essential to the exercise of authority by the court in the premises.

The assignments which allege error in reversing the decree of the court of quarter sessions of Allegheny county are sustained. It is therefore ordered that the judgment of the Superior Court be reversed, and that the decree of the court of quarter sessions granting the license in this case be reinstated and affirmed.