### Rein's License.

*Liquor law—Petition—Averments of—Habits and character of applicant.*

It is not necessary in a petition for a retail liquor license to aver that the applicant is a person of temperate habits and good moral character.

The presumption, which follows the granting of a license, is that the court is satisfied that the licensee is of good moral character and temperate habits, and where the court refuses to force the petitioner to prove his good moral character, the legal discretion of the court as to the existence of these facts must be presumed to have been satisfied. Further, such objections cannot be considered on an appeal in the nature of a certiorari. They are not part of the record.

*Liquor law—Petition—Averments as to birth and naturalization.*
Where a petition for a retail liquor license states that the applicant "is a citizen of the United States, was born in Germany, and was naturalized at Philadelphia......on the —— day of August, 1888," the application will not be refused, because the town and county of the applicant's birth, and the day when he was naturalized, are omitted.

Argued May 7, 1915. Appeal, No. 93, Oct. T., 1915, by Robert B. Elzey, from order of Q. S. Montgomery Co., March T., 1915, No. 13, granting a retail liquor license in the Matter of the Petition of Louis Rein for a Retail Liquor License. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Petition for a retail liquor license.
The third clause of the petition was as follows:
Third. The said Louis Rein is a citizen of the United States, and was born in Germany. [If naturalized, as follows]: and was naturalized at Philadelphia, in the County of Philadelphia, State of Pennsylvania on the ..........day of August, A. D. 1888.
The court granted the license.

*Error assigned* was in granting the license.

*George Wanger,* with him *Francis R. Taylor,* for appellant.

*Aaron S. Swartz, Jr., John M. Dettra, Samuel H. High* and *Montgomery Evans,* for appellee.

OPINION BY KEPHART, J., July 21, 1915:

The Act of 1887 provides that tne court shall grant licenses to persons of temperate habits and good moral character. It was held in Sauer's License, 23 Pa. Superior Ct. 463, that this requisite was not a necessary jurisdictional fact to be averred in the petition. We cannot control the means employed to satisfy the discretion lodged in the court below in ascertaining the existence of these facts. The court may, of its own knowledge, know of it, or it may secure information from other sources. Therefore, matter in connection with the hearing, wherein this question is brought to the court's attention, in the form of a request from the exceptants that the petitioner prove his good moral character and temperate habits, which request is refused, will not be considered. The presumption, which follows the granting of a license, is that the court is satisfied that the licensee is of good moral character and temperate habits, and where the court refuses to force the petitioner to prove his good moral character, the legal discretion of the court as to the existence of these facts must be presumed to have been satisfied. Further, such objections cannot be considered on an appeal in the nature of a certiorari. They are not part of the record.

The appellant gave his place of birth as Germany, and the date of his naturalization as the —— day of August, 1888. The exceptions were to the effect that the town and county of the birth and the day when the naturalization took place were omitted. All that the law desires in complying with the Act of 1887 is a substantial compliance, such compliance that those interested may be reasonably informed as to the matters therein set forth. If there was any serious controversy over the date of naturalization, anyone desiring to investigate the truthfulness of the statements could ascertain the date from the records of Philadelphia County where the applicant was naturalized, as set forth in his petition; and likewise information could be had as to his place of

birth and other matters necessary to be stated in an application for naturalization. In fact, so far as being of substantial benefit, the year in which the application was taken out and the place would have answered the requirements of the act, as it enables the court to know just how long the applicant has been a resident of this country and whether from that length of time he could become familiar with the institutions and laws of this country. The country of his birth might have some bearing as to whether he should have a license. Without passing on the question of the amendment, we think that the application as it stood originally contained sufficient information to enable the court to pass upon its merits. In Walsh's License, 208 Pa. 582, while the question was not directly before the court, the application set forth that the petitioner was born in Ireland, 1864, naturalized March 12th. The Supreme Court, commenting on the petition says: "Nor do we regard the petition as being deficient in the presentation of any jurisdictional fact which was essential to the exercise of authority by the court in the premises."

The decree is affirmed at the cost of the appellant.