## PETITION OF JOSEPH OSTERTAG.

### PETITION OF JAMES A. BAYLIE.

### FOR WRITS OF MANDAMUS TO THE COURT OF QUARTER SESSIONS OF PHILADELPHIA COUNTY.

Submitted October 10, 1891—Refused October 19, 1891.

Petitioners to the Supreme Court averred, respectively, that they had presented their applications to the Court of Quarter Sessions of Philadelphia county, for licenses to sell intoxicating liquors at wholesale, etc.,

Statement of Facts.

under the act of May 24, 1887, P. L. 194; that they were duly qualified applicants, and no remonstrances were filed averring the contrary; and that, after hearing, their applications were refused without reason given;—in each case praying for an alternative mandamus: Writs refused.*

Before PAXSON, C. J., STERRETT, CLARK, WILLIAMS, MC-COLLUM and MITCHELL, JJ.

The numbers and terms to which the applications were filed in the Supreme Court, not shown.

On October 10, 1891, Joseph Ostertag filed his petition in the Supreme Court, averring that he was a citizen of the United States and of the state of Pennsylvania, residing in Philadelphia, and a person of temperate habits and of a good moral character; that on February 7, 1891, he presented his application in due form, to the Court of Quarter Sessions of the county of Philadelphia, praying said court to grant him a license as a wholesale dealer in intoxicating liquors, under the provisions of the act of May 24, 1887, P. L. 194; that no remonstrance whatever against the granting of said license to the petitioner was filed; that on May 15, 1891, a hearing was had upon the said petition, and the only testimony taken was the examination of the petitioner, the stenographer's report of which was attached as exhibit B; that on May 22, 1891, the said court wholly refused the petitioner's application, without assigning any reason for so doing. The petitioner, therefore, averring that he was justly entitled to have his application granted, by virtue of the provisions of the said act of assembly, and that from the decree of the said court there was no appeal, no bill of exceptions, and no writ of error given, prayed for a writ of alternative mandamus, directed to the judges of the said court, etc.

Exhibit B, attached to the petition, contained the testimony of the petitioner taken on his examination, showing in substance that the petitioner's business at the time of his examination was the grocery business; that he had never been a bar-tender, nor a "helper;" that "this place" was then vacant, but the petitioner had made arrangements with the owner

---

* See acts June 9, 1891, P. L. 257; June 19, 1891, P. L. 368.

for a lease; that he expected to carry on simply a wholesale business, what the law required; and would sell beer in bottles, and in the keg, if ordered, and in no other way.

On October 10, 1891, also, James A. Baylie filed his petition in the Supreme Court, presenting a case substantially the same as that presented by Joseph Ostertag, except that his application to the court below was for a bottler's license, under the act of May 24, 1887, and that two persons representing the law and order society filed a remonstrance assigning the reason following: "We think the said applicant is not a person of good moral character, in this, that from the location and surroundings we do not believe that a legitimate bottling business will be carried on."

*Mr. F. Pierce Buckley*, *Mr. James M. Beck* and *Mr. William F. Harrity*, for the petitioners.

In a printed brief filed, counsel cited: Pollard's Pet., 127 Pa. 507; Prospect Brew. Co.'s Pet., 127 Pa. 523; Nordstrom's Pet., 127 Pa. 542; Knarr's Pet., 127 Pa. 554; Wheelin's Pet., 134 Pa. 554.

PER CURIAM:

Refused.