## License of Levi A. Miller.

*Liquor law—Defective petition—Discretion of court.*

The omission to name the owner of the premises in a petition for a liquor license is a material defect, and the refusal of the court to permit an amendment is not reversible error unless a plain abuse of discretion is made to appear. Where the motion to amend was not supported by any affidavit or petition explanatory of the omission, the appellate court is bound to presume that the discretion of the license court, in refusing the amendment, was properly exercised.

Argued March 21, 1900. Appeal, No. 35, March T., 1900, by Levi A. Miller, from order of Q. S. York Co., refusing application for a hotel license for the Commonwealth hotel in the city of York, Pa. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed. Per Curiam.

Petition for hotel license. Before the court in banc.

It appears from the record that the petition for the license failed to disclose the names of the owners of the hotel. Subsequently a motion was filed by petitioner to amend his petition for a license, inserting in the petition the names of Louisa Buser and Martha J. Martin as owners of the hotel. The court denied

the motion to amend and quashed the petition for the license. Petitioner appealed.

*Errors assigned* were (1) refusal of the court to allow petition to be amended by inserting therein the names of the owners of the hotel.    (2) In quashing petition because it did not contain the names of the owners of the hotel.    (3) Refusal of the license because the petition did not contain the names of the owners of the hotel.

*J. S. Black*, with him *J. R. Strawbridge*, for appellant.—The failure to fill in the blanks in the regular forms of the petition is not fatal: Consumers' Brewing Company's License, 7 Dist. Rep. 193.

The failure to name the owners is not a material defect is shown by the provision of the Act of May 13, 1887, P. L. 108, sec. 4.

*John A. Hooper*, for appellee, filed no paper-book.

PER CURIAM, April 23, 1900 :

The omission to name the owner of the premises in a petition for a liquor license is a material defect.    The legislature has made it an essential and the court has no authority to treat it as nonessential.    Whether or not the court has discretionary power in exceptional cases to permit the petition to be amended on the hearing by inserting the name of the owner, it is clearly not a right that the petitioner can claim as a matter of course. Therefore the refusal to permit the amendment is not reversible error unless a plain abuse of discretion is made to appear. In the present case there was a motion to quash the petition followed by a motion to amend, which latter motion was not supported by any affidavit or petition explanatory of the omission or setting forth reasons why the amendment should be allowed.    In this state of the record we have no right to assume that reasons for the amendment existed and were shown that ought to have moved the court to allow it.    Even if the court had discretionary power in such matters, we are bound to presume that it was properly exercised in the present instance.

Finding no error in the record, the order is affirmed.