## Foreman's License.

*Liquor law—Refusal of license—Discretion of court—Disagreement of judges.*

Where the license court consists of two judges and both sit at the hearing, the application must necessarily fail if they cannot agree as to the necessity for the license, or as to any other essential. The burden is on the applicant to convince the court, as it is constituted, of the necessity for the license and of his qualifications, and if he fails in this, the decision is as conclusive, so far as his right to a license is concerned, as if the judges had agreed. Neither judge is required to break the tie by retiring from the bench, nor is it necessary for the court to order a rehearing before an outside judge; nor is there any abuse of discretion in not pursuing either of these courses.

Indorsed on the back of a petition for a liquor license was the following order: "Jan. 25th, 1902. The Court disagree as to granting this license, thereby there is no license granted." *Held*, that the order might fairly be interpreted as a definite refusal of the license.

Where a liquor license is not granted because of the disagreement of the judges, the presumption from the record is that the petitioner was afforded a full hearing, that the court gave due consideration to the evidence, and

had due regard to the number and character of the petitioners for and against the application, and that the judge who concluded that the license should not be granted was influenced by a legal reason.

Argued March 13, 1902.   Appeal, No. 31, March T., 1902, by George W. Foreman, from order of Q. S. York Co., refusing a liquor license, In re Application of George W. Foreman for a Liquor License.   Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.   Affirmed.

Petition for a liquor license in the borough of Hanover.

The record showed petitions numerously signed in favor of the license, and remonstrances also numerously signed against the license.   On the back of the original petition was the following unsigned order: "Jan. 25th, 1902.   The Court disagree as to granting this license, thereby there is no license granted."

*Error assigned* was refusal to grant a license.

*Nevin M. Warner*, with him *John W. Heller*, for appellant.—The discretion of the court below must be exercised judicially and not arbitrarily in refusing a license, and therefore the manner of its exercise is reviewable in every case : Donoghue's License, 5 Pa. Superior Ct. 1; Doberneck's Appeal, 1 Pa. Superior Ct. 637; Quinn's License, 11 Pa. Superior Ct. 554; Gross's License, 161 Pa. 344, 345 ; Johnson's License, 156 Pa. 322.

The record itself must show a full and proper judicial hearing of all the parties interested, at a time fixed by rule or standing order of the court, in open court, and the refusal must appear to have been for valid legal and statutory reasons, otherwise a refusal will be held to the arbitrary and not judicial: Gross's License, 161 Pa. 344, 345; Johnson's License, 156 Pa. 322; Pollard's License, 127 Pa. 507, 520.

If the reasons assigned of record for refusing a license are illegal, and invalid the judgment will be reversed and a procedendo awarded : Doberneck's Appeal, 1 Pa. Superior Ct. 99 ; Carlson's License, 127 Pa. 330; Berg's Petition, 139 Pa. 354; Meenan's License, 11 Pa. Superior Ct. 577 ; Prospect Brewing Company's Petition, 127 Pa. 523; Quinn's License, 11 Pa. Superior Ct. 554; Johnson's License, 156 Pa. 324.

· *John A. Hoober*, for appellees.—Every reasonable intendment is to be made in favor of the regularity of the proceedings of courts of record where they have jurisdiction of the subject-matter and the parties. Hence it is to be presumed (in the absence of anything to show the contrary) that the court performed its duty by fixing a time at which all applicants, including this applicant, had an opportunity to be heard, and that the license was refused for a legal reason and not arbitrarily; Miller's Application for Wholesale Liquor License, 8 Pa. Superior Ct. 223; Quinn's License, 11 Pa. Superior Ct. 554.

As long as the record shows a decree by the court, particularly in view of the fact that the court does not act judicially, the appellate court will not impeach the record by changing it: Quinn's App., 11 Pa. Superior Ct. 554; Doylestown Distilling Co.'s Application, 9 Pa. Superior Ct. 96; Donovan's License, 9 Pa. Superior Ct. 647.

There is surely nothing which prohibits both judges sitting in license cases if they so desire, and there can be nothing arbitrary in a custom which requires an application to fail if it cannot obtain the concurrence of the two judges.

Courts are the best exponents of their own rules and the appellate court will not undertake to reverse except for special reasons in a plain case: Dailey v. Green, 15 Pa. 118, 128; Ellmaker v. Franklin Fire Insurance Co., 5 Pa. 183, 189; Gannon et al. v. Fritz, 79 Pa. 303; McGreevy v. Kulp, 126 Pa. 97.

PER CURIAM, April 21, 1902:

The proceedings in this case in the court below are not to be commended for formality. Greater attention should be given to that. We think, however, that the order of which the appellant complains may fairly be interpreted as a definite refusal of the license. If it is not, it is not a final order, and no appeal lies. The presumption from the record is, that the petitioner was accorded a full hearing, that the court gave due consideration to the evidence and had due regard to the number and character of the petitioners for and against the application, and that the judge who concluded that the license should not be granted was influenced by a legal reason. As to the presumptions on appeal in such proceedings, we refer to several decisions of this court reported in Quinn's License, 11 Pa. Superior

Ct. 554, et seq., and the cases therein cited. Where the court consists of two judges and both sit at the hearing, the application must necessarily fail if they cannot agree as to the necessity for the license or as to any other essential. It is not within our province to decide who was right. The burden was on the applicant to convince the court, as it was constituted, of the necessity for the license and of his qualifications, and having failed in this, the decision is as conclusive, so far as his right to a license is concerned, as if the judges had agreed. Unless the court saw fit in its discretion to order a rehearing, the decision, like the Scotch verdict "not proven," was an end of the proceeding. No statute and no rule of the common law required the judge to break the tie by retiring from the bench, or required the court to order a rehearing before an outside judge. Nor can we say that there was any abuse of discretion in not pursuing either of these courses, especially in a matter where the judges may take into consideration their personal knowledge of the applicant and of the necessities of the community. See Kelminski's License, 164 Pa. 231, and cases therein cited.

All the assignments of error are overruled and the order is affirmed.