# Cramer's License.

*Liquor law—License—Description of property—Amendment.*

The Superior Court will not review the discretion of the court of quarter sessions in making an order refusing a liquor license on the ground stated in the order that the property was insufficiently described; and this is particularly the case where the petition for the license de-

scribed the property as situated at the corner of two streets, without stating the specific corner; nor in such a case will the appellate court review the action of the lower court in refusing a request to amend the petition, so as to set forth a sufficient description of the property.

The request to amend a petition for liquor license is an admission of carelessness, and the granting of it by the court is not a matter of course or right, but strictly one of grace. A petition should be legally complete in all the statutory details when it is filed in court, the cases being exceptional where an amendment is justified.

Argued May 2, 1603. Appeal, No. 8, April T., 1904, by Charles H. Cramer, from order of Q. S. Allegheny Co., March T., 1903, No. 425, refusing a liquor license in case of application for license by Charles H. Cramer. Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Application for liquor license.

The application described the premises as follows:

That the place for which a license is desired is that certain house containing thirty rooms, occupied the last year as a new building by          , situate in cor. Collins avenue and Broad street, nineteenth ward, city of Pittsburg, in said county, being three story with basement, stone and brick building, size thirty-two one half by eighty-four feet.

The court made the following order:

And now, April 24, 1903, the application of Charles H. Cramer, for hotel license for nineteenth ward, Pittsburg, came on for hearing, and after consideration of applicant's petition, bond and testimony of witnesses as to the necessity for the granting of said license, the court is of the opinion that the place for which applicant applies for said license is insufficiently described in said petition, and said license is refused for that reason; and it is ordered that the photograph of applicant's hotel filed with the court, may be made part of the record in this case, and that the stenographer's notes of the testimony of applicant's witnesses offered at the hearing of this case may also be made part of the record herein.

*Error assigned* was in refusing to grant the license.

*W. A. Magee* of *Fagan & Magee*, with him *John B. Chapman*, for appellee.—There does not appear to be any authority

directly on the subject, except a per curiam opinion of the quarter sessions of Montgomery county, in Oakley's License, 4 Mont. Co. Rep. 89, which sustains appellant's contention.

In similiar questions regarding descriptions in cases of mechanics' liens the courts have uniformly required only a reasonable amount of certainty in the description, that is, " certainty to a common intent:" Ewing v. Barras, 4 W. & S. 467; Knabb's App., 10 Pa. 186 ; Harker v. Conrad, 12 S. & R. 301.

Although there it no authority from the appellate courts allowing amendments in license petitions, it seems to be the uniform practice in the courts below to favor amendments : Consumers' Brewing Company's License, 7 Pa. Dist. Rep. 193.

*M. H. Stevenson,* for appellees.—The decree of April 13, disposing of the retail applications, is almost identical with that reported in Hollander & Schlessinger's App., 11 Pa. Superior Ct. 23. It was there ruled that if the proceedings were regular and the reasons lawful, the order must be affirmed. That case rules this.

The general trend of opinion seems to be that the petition must be complete when filed, and that no amendment in any material respect can be made afterwards : Bailey's License, 5 Pa. Dist. Rep. 172; Porter's License, 4 Kulp, 356 ; Hoyniak's License, 9 Kulp, 368 ; Sherry's License, 12 Pa. C. C. Rep. 129; Donmoyer's License, 9 Pa. C. C. Rep. 303 ; Miller's License, 13 Pa. Superior Ct. 272.

OPINION BY ORLADY, J., December 19, 1903 :

The appellant's petition for a license to sell liquor at retail was refused for the reason, incorporated in the decree, that the place for which appellant applies for a license was insufficiently described in his petition. This court has stated a number of times, " that, under our license system, the legislature has imposed on the courts of quarter sessions the duty of hearing and acting upon these applications; the power to judicially grant or refuse is lodged there. The legal presumption is that the matter was considered and decided within the statutory provisions, and that after a hearing resulting in a refusal of a license there was a legal reason for the decree."

Very much must of necessity be left to the license court in the discharge of its legal discretion, and we will reverse its decree only when manifest error is apparent.

It is not required to give any reason for its decision. The mere appearance of the applicant may be sufficient to satisfy it that the applicant is not a fit person to keep a public house. The location of the applicant's property, by reason of its proximity to other buildings such as schools, churches, manufacturing plants, etc., and even its reputation, made by former occupants have been held to be sufficient reasons for refusing the license : Toole's Appeal, 90 Pa. 376; Ostertag's Petition, 144 Pa. 426; Gross's Appeal, 161 Pa. 344; Johnson's License, 165 Pa. 315; Raudenbusch's Petition, 120 Pa. 328; Com. v. Kerns, 2 Pa. Superior Ct. 59; Netter's License, 11 Pa. Superior Ct. 566; Foreman's License, 20 Pa. Superior Ct. 98.

Certainty of description of the property is as material a fact for the license court as the identity of the applicant or the owner of the premises. In giving a doubtful or misleading description of his property the applicant committed an inexcusable mistake, as the court was not required to guess which one of the four corners at Collins avenue and Broad street was the one the applicant had in mind might have been treated as no description.

The request to amend the petition was an admission of his carelessness, and the granting of it by the court was not a matter of course or right but strictly one of grace. A petition should be legally complete in all the statutory details when it is filed in the court, the cases being exceptional where an amendment is justified. In order to assure a proper administration of the law in such cases the license court is better qualified to decide whether or not an amendment should be allowed; the reason for such amendment should be clear and convincing: Miller's License, 13 Pa. Superior Ct. 272; McFarland v. Schultz, 168 Pa. 634.

The decree is affirmed.