## Forst's License.

*Liquor law—License—Certificate of twelve electors—Amendment.*

The certificate " signed by at least twelve reputable qualified electors of the county," required by the Act of June 9, 1891, sec. 5, P. L. 257, to be annexed to the petition for a liquor license is fatally defective where five of the signatures are those of partnerships or trading companies, and this defect cannot be cured by amendment.

In such a case the Act of March 21, 1806, applies, which provides that where a remedy is provided, a duty enjoined, or a thing directed to be done, by an act of assembly, the directions of the act shall be strictly construed.

Argued May 2, 1903. Appeal, No. 14, April T., 1904, by Morris Forst, from order of Q. S. Allegheny Co., March T., 1903, No. 61, granting a wholesale liquor license, In re Application for Liquor License by Morris Forst. Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Reversed.

Application for wholesale liquor license.

The certificate annexed to the petition was as follows:

We, the undersigned qualified electors of the county of Allegheny, do hereby certify that we are acquainted with Morris Forst and Louis Jacobson; that we have good reason to believe that each and all the statements contained in their petition are true, and we therefore pray that the prayer of said petitioners be granted, and that the license prayed for issue: John Paul & Co., Hatters and Furnishers, 202 Smithfield street; Snively & Gue, Hardware, 204 Smithfield street; H. H. Nieman & Co., Merchant Tailors, 208 Smithfield street; David M. Kinzer, Leather Dealer, 210 Smithfield street; Green Bros., Furnishers and Hatters, 214 Smithfield street; Isaac Hohenstein, Shoes, 217 Smithfield street; Hugo Lewin, Fancy Goods, 303 Smithfield street; Joseph Maher, Cigar Dealer, 106 Smithfield street; Myer Van Ullem, Billiard Tables, 100 Smithfield street; Edward H. Will, Jeweler, 107 Smithfield street; L. DeRoy & Co., Jewelers, 201 Smithfield street; Jos. Feldman, Tailor, 203 Smithfield street.

Other facts appear by the opinion of the Superior Court.

600, (1903).] Assignment of Error—Opinion of the Court.

*Error assigned* was the action of the court in granting the license.

*M. H. Stevenson*, for appellant.—A liquor license is a special privilege, and " the statutes regulating the sale of liquors, and the process for procuring a license are to be strictly pursued : " Hoyniak's License, 9 Kulp, 368.

In all proceedings purely statutory, the jurisdictional facts must appear of record, and the terms of the act must be strictly followed, or no jurisdiction attaches: Cambria Street, 75 Pa. 357; Snyder's App., 36 Pa. 166.

The act of March 21, 1806, applies: Bennett v. Hayden, 145 Pa. 586; Halderman's App., 104 Pa. 251.

As it is not possible for business firms to be " electors," this certificate was radically defective : Heery's Application, 4 Kulp, 57.

Neither of the acts of 1887, 1891, or any of the other numerous liquor laws make any provision for amendments. This is all but conclusive that no such practice was contemplated.

*W. D. Rodgers*, with him *Alex. Gilfillan*, for appellees.

OPINION BY ORLADY, J., December 19, 1903 :

The Act of June 9, 1891, P. L. 257, under which the petition in this case was presented, conferred upon the court of quarter sessions the only jurisdiction through which the license could be granted. Its provisions are clearly and definitely stated, and must be strictly followed, there being no excuse at this late day for their violation. The certificate demanded by the 5th section is as indispensable as any other of the requirements. It provides that there shall be annexed to the petition, filed by the applicant with the clerk of the court at least three weeks before the first day of the sessions of the court at which the same is to be heard, " a certificate signed by at least twelve reputable qualified electors of the county," setting forth certain facts. The certificate before us has twelve signatures, seven of which purport to be the names of individuals, while the other five signatures conspicuously show that they are partnerships or trading companies. A remonstrance was filed in which this fact was stated as an objection to the legality of the cer-

tificate. The license was granted and an order made by the court directing that before the license could be issued the applicants should be required to amend their petition and remedy the defect by an affidavit or petition filed in court. Subsequently five persons filed their joint affidavit in which they averred that they had severally signed the firm name of which they were partners, and prayed for leave to substitute their respective individual names as of the date of filing the original certificate. The court took no further action in the case, the license was issued by the clerk and the remonstrants now appeal to this court. It cannot be seriously urged that these signatures of partnerships were the same as, or equivalent to, the signatures of reputable, qualified electors of the county; and whether it might be ethically so or not, the legislature directly required the one and did not sanction the other.

The court could not entertain any other kind of certificate than the one prescribed by the statute; it cannot transcend or enlarge the requirements of a statute. The omission could not be cured by amendment as the petition was fatally defective when it was orginally filed, and the five partnership signatures should have been treated as blanks. As well might all the names be supplied by substituting others as the five unauthorized ones. The record should show that the jurisdictional facts existed which authorized the court to do the thing in question. The act of March 21, 1806, which is still in force, states that where a remedy is provided, a duty enjoined, or a thing directed to be done by an act of assembly, the directions of the act shall be strictly pursued : Bennett v. Hayden, 145 Pa. 586 ; Smith v. Wildman, 178 Pa. 245 ; S. C., 194 Pa. 294.

The decree of the court of quarter sessions is reversed.