## Forst's License.

*Liquor law—License—Signatures to petition—Signature of partnership—Certificate of twelve electors—Amendment.*

The certificate " signed by at least twelve reputable qualified electors of the county," required by the Act of June 9, 1891, sec. 5, P. L. 257, to be annexed to the petition for a liquor license, is fatally defective where five of the signatures are those of partnerships or trading companies, and this defect cannot be cured by amendment.

MITCHELL, C. J., and THOMPSON, J., dissent.

Argued Feb. 2, 1904. Appeal, No. 69, Oct. T., 1904, by Morris Forst, from judgment of Superior Co., April T., 1904, No. 14, reversing order of Q. S. Allegheny Co., March T., 1903, No. 61, granting a wholesale liquor license in re Application for Liquor License by Morris Forst. Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT, POTTER and THOMPSON, JJ. Affirmed.

Appeal from Superior Court. See 23 Pa. Superior Ct. 600. The opinion of the Supreme Court states the case.

*Error assigned* was the judgment of the Superior Court.

*W. B. Rodgers*, with him *Alex. Gilfillan*, for appellants.—The amendment should have been allowed : Fisler's License, 26 Pa. C. C. Rep. 381 ; Consumer's Brewing Co.'s License, 7 Pa. Dist. Rep. 193 ; Donmoyer's License, 9 Pa. C. C. Rep. 303 ; Sherry's License, 12 Pa. C. C. Rep. 129 ; Penna. & N. Y. R. R., etc., Co. v. Bunnell, 81 Pa. 414.

*M. H. Stevenson*, for appellees.—The signatures of twelve reputable qualified electors are essential to jurisdiction : Faulkner's License, 2 Pa. C. C. Rep. 86 ; Grant's License, 2 Pa. C. C. Rep. 87 : Heery's License, 4 Kulp, 57.

In all proceedings purely statutory the jurisdictional facts must appear of record, and the terms of the act be strictly followed, or no jurisdiction attaches : Cambria St., 75 Pa. 357 (1874), GORDON, J. (road proceeding in quarter session) ; Snyder's App., 36 Pa. 166 (1860), STRONG, J. (partition in orphans' court) ; Bennett v. Hayden, 145 Pa. 586 ; Torrance v. Torrance, 53 Pa. 505.

A majority of the lower courts have decided against the right to amend: Donmoyer's License, 9 Pa. C. C. Rep. 304; Sherry's License, 12 Pa. C. C. Rep. 129; Heery's License, 4 Kulp, 57; Hoyniak's License, 9 Kulp, 368; Porter's License, 4 Kulp, 356; Miller's License, 13 Pa. Superior Ct. 272; Bailey's License, 5 Pa. Dist. Rep. 172. Two cases are cited on the other side: Fisler's License, 26 Pa. C. C. Rep. 381; Consumer's Brew. Co.'s License, 7 Pa. Dist. Rep. 193.

OPINION BY MR. JUSTICE POTTER, April 11, 1904:

The legislature has defined in the act of June 9, 1891, the precise mode in which the court of quarter sessions shall proceed in the granting of licenses for the sale of liquor at wholesale. That mode is by petition containing certain specified statements. It is the facts set forth in the petition which settle the question of jurisdiction. If the provisions of the statute are not followed in all matters of substance the petition is a mere nullity and cannot be considered, for the jurisdiction of the court of quarter sessions to grant licenses is purely statutory.

The fifth section of the act referred to requires that there shall be annexed to the petition a certificate signed by at least twelve reputable qualified electors of the county in which said liquors are to be sold, setting forth certain representations, and asking for the issue of the license as prayed for. And section three of the act requires that this petition shall be on file with the clerk of the court of quarter sessions of the proper county for at least three weeks before the first day of the session of the court at which the same is to be heard.

In the present case, the certificate attached to the petition did not contain the signatures of twelve reputable qualified electors of the county, but it only purported to be signed by seven individuals, while the remaining signatures were those of business firms or partnerships, who were obviously not qualified electors. No attempt was made to amend the petition in this respect until the time of the hearing. It was then manifestly impossible to comply with the provisions of the statute, which required the petition, accompanied by the certificate of twelve reputable electors, to be on file with the clerk for at least three weeks before the first day of the session of the court.

We can only regard this defect as one of substance, and not merely of form. The amendment is therefore an attempt to correct an omission which is vital to the existence of the proceedings. Without the amendment, the petition is lacking in the presentation of jurisdictional facts which are essential to the exercise of any authority by the court in the premises. To allow the amendment to be made after the time in which, under the statute, the petition must be filed, would be to give the court jurisdiction of a case of which it had no jurisdiction except by virtue of the amendment itself. It cannot be thus made to relate back and confer jurisdiction. The court not having acquired any jurisdiction by means of the original filing of the petition, there was nothing to amend, and the whole proceeding remained a nullity.

It would hardly seem necessary to cite authority for the proposition that a court without jurisdiction has no authority to allow an amendment to pleadings in the suit. But as the proceedings in a case of this character are wholly statutory, the line of decisions in other statutory proceedings, such as election cases and those relating to the filing of mechanics' liens, presents the principle which is applicable and controlling in this case. Thus in Williams v. Johnson, 16 W. N. C. 223, which was affirmed by this court, RICE, P. J., after considering the authorities, concludes his opinion as follows : " The proceedings to contest an election are purely statutory. The court cannot acquire jurisdiction except in the way and within the time prescribed by the act of assembly.

If in fact the court did not have jurisdiction when this petition was filed, and has it not now by reason of the fact that the affidavit was not made by the requisite number of qualified electors, it is clear both from reason and authority, that, after the time for instituting a contest has elapsed, we cannot supply this omitted prerequisite necessary to confer jurisdiction by amendment." In affirming this judgment, this court said : " While amendments of the petition may be allowed for some purposes, yet when the attempt is to give jurisdiction after the time for initiating a contest has expired, it should not be permitted. An affidavit of the requisite number of qualified electors is essentially necessary to give jurisdiction. It must be made within the time prescribed by the statute. If not so

made, it is fatal to the proceedings, and the defect cannot be cured by amendment thereafter."

The present chief justice of this court, when sitting in the common pleas, said, in re Division Inspector, 11 Phila. 380, 382: "No precedent has been found, and I believe none exists, for the allowance of an amendment in a vital point necessary to bring the petition within the jurisdiction of the court, after the allotted time for filing a petition has passed."

In mechanics' lien cases, it is clearly settled that amendments going to the jurisdiction will not be allowed after the time allowed by the statute for filing has expired. In Knox v. Hilty, 118 Pa. 430, Justice GREEN said (p. 434): "It is almost unnecessary to say that we have repeatedly decided that amendments introducing new parties cannot be made after the statutory period has expired." This ruling was followed in McFarland v. Schultz, 168 Pa. 634, and in Grier v. Northern Assurance Co., 183 Pa. 334.

We are clear that the omission which it was here sought to supply by the amendment, was of matter essential to the petition, and necessary to establish jurisdiction, and it could not, therefore, be made after the time for its filing, as fixed by the statute, had passed.

This appeal is therefore dismissed, and the judgment of the Superior Court is affirmed.

MR. CHIEF JUSTICE MITCHELL dissenting:

The business of selling intoxicating liquors is not unlawful, nor is the act regulating the granting of licenses a criminal or even a penal statute requiring a rigid enforcement of the letter. On the contrary it is a statute applying to the everyday business of the community, and one which particularly requires a common sense business construction. Judged by that standard, the signature of a firm is the signature of all the members of it, and for all useful purposes in the requirements of the statute, it should be so accepted. I do not concur therefore in the view that the petition in the present case was lacking in the necessary jurisdictional facts. I would therefore reverse the judgment and reinstate and affirm the judgment of the quarter sessions.

MR. JUSTICE THOMPSON concurs in the dissent.