## Oberfell's License.

*Liquor laws—Names of sureties—Petition—Amendment.*

The omission to fill in the names of proposed sureties in a blank space left for that purpose in a petition for a liquor license, is not a fatal defect and may be cured by amendment where it appears that on the same sheet with the petition, the affidavit of the applicant and the certificate of the freeholders was a bond duly executed by the applicant and his sureties, and it is also made to appear to the court that the omission of the names was by mistake, that the affidavit to the truth of the matters set forth in the petition was made after the sureties' names had been inserted in the bond, and that at the time the applicant made it, he supposed that they had actually been inserted in the petition.

Argued March 8, 1905.   Appeal, No. 3, March T., 1905, by Frederick Oberfell, from order of Q. S. Lycoming Co., March Term, 1904, No. 16, granting a liquor license In re Application of Frederick Oberfell.   Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER and HENDERSON, JJ.   Affirmed.

Petition for liquor license.
The opinion of the Superior Court states the case.

*Error assigned* was the order of the court.

*H. T. Ames,* for appellant.—The original petition of an applicant for a tavern license, at the time when it must be filed, three weeks before the first day of the session of the court at which the same is to be heard, must set forth all the facts required by the act of assembly, otherwise the court has no jurisdiction, the petition is a nullity and there is nothing to amend: Forst's License, 208 Pa. 578; Forst's License, 23 Pa. Superior Ct. 600; Cramer's License, 23 Pa. Superior Ct. 596; Bailey & Nease & Vester's Licenses, 5 Pa. Dist. Rep. 172.

*Otto G. Kaupp,* for appellee.—At the time of filing the application for license the record showed a substantial compliance with the act of assembly, and the validity of the bond was in no manner affected by omitting to fill in the ninth paragraph of said application the names of the two sureties, and by the bond being attached to said petition and relating to matters in said petition contained, became a part thereof: Consolidated Ice Mfg. Co. v. Blomer, 18 Pa. Superior Ct. 451.

In this case the motion to amend was supported by affidavit explanatory of the omission, and the reason given for the amendment was clear and convincing, and was properly allowed: Miller's License, 13 Pa. Superior Ct. 272; Cramer's License, 23 Pa. Superior Ct. 596.

The law is well settled in this state, that in the use of a printed form of petition for liquor license, with suitable blanks left to be filled up with pen and ink, the clerical omission to fill such a blank space is not fatally defective: Walsh's License, 208 Pa. 582.

A substantial compliance with the act of assembly by an ap-

plicant for a liquor license is all that is required by law: Sauers's License, 23 Pa. Superior Ct. 463.

OPINION BY RICE, P. J., April 17, 1905:

The appellee's application for a retail liquor license was in the exact form prescribed by the statute, and was complete in every particular, except that the spaces left for the names of his proposed sureties in the ninth paragraph of the printed blank were not filled. Was this a fatal defect? The statute does not require that the bond be filed with the petition but it does prescribe that the applicant set forth the names of his proposed sureties, and that this be done a certain length of time before the day of hearing. This statutory prerequisite was intended for the information of the public and cannot be regarded as merely directory. But in determining whether there was substantial compliance with the statute in the proceeding under review we must look at the whole record. On the same sheet with the petition, the affidavit of the applicant and the certificate of the freeholders was a bond duly executed by the applicant and his sureties. True, their names did not appear in the petition proper, but the applicant having thus filed and tendered with his petition a bond executed by them, the averment of his petition that his proposed sureties were worth the amount required by the act, giving it a reasonable intendment, must be deemed to refer to the sureties who executed the bond. No member of the public, examining the paper as a whole, would have any room for doubt that this was what the applicant meant. No information which the public was entitled to was withheld, and we do not see how anyone could be misled. It is to be noticed further, that the motion to amend, by the insertion in the proper place of the names of the sureties, was supported by an affidavit of the applicant, that they were omitted by mistake, that the affidavit to the truth of the matters set forth in the petition was made after their names had been inserted in the bond, and that at the time he made it he supposed they had been actually inserted in the petition. In view of this affidavit and his unequivocal act in presenting and filing the bond with the petition we cannot give our assent to the proposition that an indictment charging him with making a willful and false statement as to the financial

responsibility of his sureties would be demurrable. · The distinction between this case and the cases cited by appellant's counsel —Millers License, 13 Pa. Superior Ct. 272; Cramer's License, 23 Pa. Superior Ct. 596; Forst's License, 23 Pa. Superior Ct. 600; Forst's License, 208 Pa. 578—is well stated by the learned judge below as follows : " An examination of all these cases will show that there was nothing upon the record or in any way connected with the petition from which an amendment could be made or that would give notice or information to anyone who might examine the petition, of the facts omitted from the petition, and in that respect they differ from the case in hand. Here the record itself shows who the bondsmen are, and the evidence before us shows that the omission of the names from the petition was but a clerical omission and could mislead no one, as all the essential facts were contained in the record, from which the omission can be supplied and amendment made." We adhere strictly to the doctrine of Forst's License, supra; but in that very case the power of the court to permit amendments in matters of form merely was impliedly recognized and it has been exercised in numerous analogous cases. We are all of opinion that the defect complained of in this case was one of form only, and not of substance, and therefore was curable by amendment, in the discretion of the court, under the common-law power which every court of record has. See Pennsylvania & New York R. R. & Canal Co. v. Bunnell, 81 Pa. 414.

The other objection made in the court below to the granting of the license and renewed here will be considered and disposed of in Fourney's License, 28 Pa. Superior Ct. 71.

The order is affirmed.