## Matthew's License.

*Liquor laws—Petition—Omission of names of sureties—Bond.*

Where a bond in proper form is attached to and filed with a petition for a liquor license, which is regular in all respects except that the space left for the names of the proposed sureties is not filled, the defect is one of form and curable by amendment.

Argued May 2, 1905. Appeal, No. 262, April T., 1905, by plaintiff, from order of Q. S. Somerset Co., Feb. T., 1905, refusing a liquor license in case of Benjamin H. Matthew's License. Before BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Reversed.

Petition for liquor license.

The opinion of the Superior Court states the case.

*Error assigned* was the order of the court.

*J. A. Berkey*, for appellant.

*W. H. Ruppel*, with him *J. C. Lowry* and *A. H. Coffroth*, for appellee.

OPINION BY PORTER, J., May 17, 1905:

The application of the appellant for a retail liquor license was in the exact form prescribed by the statute, and was complete in every particular, except that the spaces left for the names of his proposed sureties in the ninth paragraph of the printed form used for the petition were not filled. On the same sheet of paper with the petition, the affidavit of the applicant and the certificate of the freeholders, was a bond in proper form duly executed by the applicant and his sureties. The petition, affidavit, certificate and bond were together filed of record. Objection having been made to the sufficiency of the application upon the ground that the names of the bondsmen had not been written in the petition proper, the appellant presented a petition, verified by affidavit, setting forth that the bond was attached to and formed part of the petition, that all persons were thus informed as to who were the sureties, and that the omission of the names of the sureties from the ninth paragraph of the petition was a mere oversight of the petitioner and his attorney, and praying the court for leave to amend the petition by inserting in paragraph nine the names of the sureties, as they appeared upon the bond attached to the petition. The court below declined to permit the amendment and refused to grant the license, whereupon the petitioner appealed.

The learned judge of the court below, recognizing the fact that only the record proper could be considered upon appeal, and desiring to present the question in a manner which would permit of his judgment being reviewed, incorporated in the order dismissing the petition the grounds upon which his judgment was based. The order from which we have this appeal is in the following language, viz.: "As we have said, we would permit this amendment and grant the license, if we believed we had the power so to do. But upon careful examination of the authorities and of the papers in the case, we are of opinion that we are without jurisdiction of the case, and consequently without the power to allow the amendment, and, for reasons given, refuse to permit the amendment, and refuse to grant the license." "By the Court."

The record proper thus clearly shows that the court below declined to permit the amendment and dismissed the peti-

tion for a license, because it was, in the language of the order
"without jurisdiction of the case." The learned judge inter-
preted Miller's License, 13 Pa. Superior Ct. 272; Cramer's
License, 23 Pa. Superior Ct. 596; Sauers's License, 23 Pa.
Superior Ct. 463 and Forst's License, 23 Pa. Superior Ct. 600
and 208 Pa. 578, to mean that the court was without authority
to permit any amendment of the record in a license proceeding.
There is a distinction between amendments which cure defects
purely formal and those which go to matter of substance. We
have held in the case of Oberfell's License, decided at the pres-
ent term, that where a bond in proper form is attached to and
filed with a petition for a license, which is regular in all re-
spects except that the spaces left for the names of the proposed
sureties in the ninth paragraph are not filled, the defect is
one of form and curable by amendment. That decision was
announced after the learned judge of the court below had made
the order here appealed from, but the cases are in all respects
the same, and the opinion of President Judge RICE, in Ober-
fell's License, covers the question here presented. The court
below had jurisdiction of the case, and was vested with a dis-
cretion to allow the amendment prayed for and to grant the
license, if upon the hearing satisfied of the public necessity and
the fitness of the applicant. We do not decide that the license
must be granted; upon that question the court below must ex-
ercise its discretion.

The order of the court below is reversed and the record is
remitted for further proceedings according to law.