# Laird's License.

*Liquor law—Application for license—Certificate of twelve citizens—Residence—Ward of borough—Payment of taxes within two years—Act of May 13, 1887, P. L. 108.*

1. Persons who reside in a borough but not in the ward of the borough for which a liquor license is asked, are not electors of the ward qualified to sign a certificate for the applicant within the meaning of the Act of May 13, 1887, sec. 6, P. L. 108. The word "ward" as used in the act applies to wards of boroughs as well as to wards of cities.

2. A certifier to an application for a liquor license who has not actually paid a county or state tax within two years of the time he signed the certificate is not qualified, although he may have been a qualified voter at the next preceding election by reason of his having paid a tax prior to the period of two years.

Argued April 22, 1914. Appeal, No. 62, Oct. T., 1914, by William A. Laird, from order of Q. S. Franklin Co., Feb. Sessions, 1914, dismissing petition for retail liquor license. Before RICE, P. J., HENDERSON, ORLADY, HEAD, PORTER, KEPHART and TREXLER, JJ. Affirmed.

Petition for a retail liquor license. Before GILLAN, P. J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was refusal of license.

*J. A. Strite* and *William S. Hoerner*, for appellant.—That the word "ward" as used in the act of 1887 refers to wards of cities, and such only, seems never to have been decided, but in regard to the interpretation of the constitutional amendment of 1838, of practically similar wording, it has been so decided by the Supreme Court: Com. v. Morgan, 178 Pa. 198.

John A. Simons paid a state and county tax on December 16, 1911, he was a qualified elector at the

time of the public election held in November, 1913, and then voted as such: McDonough's Election, 105 Pa. 488.

No printed brief for appellee.

OPINION BY KEPHART, J., May 14, 1914:

This is an appeal from the order of the court of quarter· sessions refusing appellant's application for a retail liquor license. The extent of the power of this court to review the action of the court below in refusing a license application may be found in Windber Brewing Company, No. 2's License, 54 Pa. Superior Ct. 287. The· order of the court below contains the facts upon which the questions raised by this appeal are predicated.

The application for a retail license came from the Second Ward of Chambersburg. This borough is divided into five wards. The certificate annexed to the petition for license was signed by fourteen reputable citizens of the borough, two of them lived in the borough but not in the second ward, and another of the certifiers had not paid a county or state tax within two years of the time he signed the certificate. Exceptions were filed challenging the right of these three citizens to sign this certificate, alleging they were not qualified electors of the ward in which liquors were to be sold.

Appellant contends that the two "signers," who lived in the borough but not in the second ward, were qualified electors under sec. 6 of the act of May 13, 1887, P. L. 108, in that the word "ward," as used in this section, has reference to wards in a city and does not apply to wards in a borough. The operation of this section of the act of assembly cannot be restricted to the limited and narrow sense that appellant contends for. The language used should be given the meaning that is ordinarily attributed to its use and which has been generally recognized; and when so given the use of the word "ward" relates not only to a ward of a city but to any municipal division which comes under or is known by

the term "ward," and includes wards of a borough and cities of all classes. This is the plain meaning of the act of assembly and in practice has been so considered. The learned court below was correct in so construing it.

The certifier, who had not paid a county or state tax within two years of the time he signed the certificate, lived in the second ward of the borough of Chambersburg. He was a qualified voter at the preceding election, held in November, 1913, having paid his last county tax in December, 1911. It is urged that this certifier, having been a qualified elector at the last preceding election, retained this qualification until the next succeeding election at which he would have been entitled to vote; provided, he would have paid a county or state tax within thirty days prior to the date of that election; and therefore, during this period wherein he retained such qualifications as an elector, he could certify to the appellant's application for license. We cannot agree to this proposition. If the certifier's status as an elector in November, 1913, determined his right to sign the certificate as a qualified elector in January, 1914, and no act of his before certifying could destroy that status, the intendment of sec. 6 of this act would be nullified. If, after November, 1913, the failure to pay a tax did not disqualify him, then his loss of residence would not disqualify him from signing the certificate. The reasons given to support the first conclusion can be applied with equal force to the second. The legislature intended by this act that the certificates annexed to license applications should be signed by citizens who possessed certain enabling attributes in addition to citizenship and for this purpose they selected those essentials necessary to become a reputable elector, and in so far as this single question is before the court, the legislature might just as well have written into the act "twelve reputable citizens, each of whom have paid a county or state tax within two years." Having prescribed the necessary qualities which each certifier must

have, it therefore follows that he must be qualified at the time he does the act, namely, signs the certificate.

The precise question has not been passed upon by any of the appellate courts of this state, but it has been considered in opinions of the lower courts. In Butler's Nomination Papers, 16 Pa. C. C. R. 78, exceptions were filed to nomination papers alleging them to be defective because two of the signers and affiants were not qualified electors, inasmuch as they had not paid a county or state tax within two years. The court sustained the objection and held the nomination papers to be defective; that the affiants should have been qualified at the time they made the affidavit on January 30, 1895.

Appellant's misfortune comes from the failure to investigate the persons who signed his certificate. It is such a matter, however, as, under the law, this court or the court below is powerless to remedy. The conclusion of the learned court: "The certificate not being signed by twelve qualified electors of the ward, borough or township, we are without jurisdiction in the premises, and we cannot consider the application: Forst's License, 208 Pa. 578," is sustained. The decree of the court below is affirmed at the cost of the appellant.