## Brown's License.

*Liquor license—Amendment of petition—Name of owner.*

Where a petition for a retail liquor license as filed states that the premises were "owned by Thomas A. Brown, the applicant who resides thereon," an amendment may be allowed after the last day for the filing of the petition by stating the ownership as follows: "The premises to be licensed are owned by the Adam Scheidt Brewing Company, a corporation located at Norristown, Pennsylvania, legal owner with equitable ownership in Thomas A. Brown under agreement," the agreement showing that the brewing company was virtually a mortgagee.    In such a case it was not error either to allow the petition to stand as it was originally, or to allow the amendment.

Argued May 7, 1915.    Appeal, No. 95, Oct. T., 1915, by Oliver K. Grimley, from order of Q. S. Montgomery Co., March T., 1915, No. 206, granting a liquor license In the Matter of Petition of Thomas A. Brown for a Retail Liquor License.    Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ.    Affirmed.

Petition for a retail liquor license.

The fourth clause of the petition was as follows:

"Fourth. The premises to be licensed by Thomas A. Brown, the applicant, who resides thereon."

After the last day for the filing of the petition Brown presented a petition setting forth that he had been the owner of the property until August 6, 1912, when he executed a deed conveying it to the Adam Scheidt Brew-

ing Company. The facts set forth in the petition showed that this conveyance was virtually a mortgage.

The prayer of the petition was as follows:

Your petitioner, therefore, showing to the court, that the legal title to the property is in the Adam Scheidt Brewing Company, whereas in the petition it appears as "Owned by Thomas A. Brown, the applicant, who resides thereon," respectfully prays that he may have leave to amend his application for license so that paragraph four shall read as follows: "The premises to be licensed are owned by the Adam Scheidt Brewing Company, a corporation located at Norristown, Pa., legal owner with equitable ownership in Thomas A. Brown under agreement."

The court allowed the petition and granted the license.

*Error assigned* was in allowing the amendment and granting the license.

*George Wanger,* with him *Francis R. Taylor,* for appellant.—It was error to permit the amendment: Sherry's License, 12 Pa. C. C. R. 129; Donmoyer's License, 9 Pa. C. C. R. 303; Cramer's License, 23 Pa. Superior Ct. 596; Forst's License, 23 Pa. Superior Ct. 600; Kirsch's License, 46 Pa. Superior Ct. 332; Matthews' License, 213 Pa. 269.

*Montgomery Evans,* with him *Aaron S. Swartz, Jr., John M. Dettra* and *Samuel H. High,* for appellee, cited: Oberfell's License, 28 Pa. Superior Ct. 68.

OPINION BY KEPHART, J., July 21, 1915:

The petition for amendment sets forth sufficient facts to move the discretionary power of the court to allow an amendment. The application for license in the matter desired to be amended contains such statement of fact which might be amplified without destroying the effect of the original statement. The amendment introduced

no entirely new matter but was germane to and a part of the allegation of fact contained in the petition. As the petition stood originally, sufficient jurisdictional facts were alleged to sustain it. The question before us does not present the case of an entire absence of such facts, or such statement of fact which left the petition doubtful or misleading. The name of the owner was stated as Thomas A. Brown. The petition for amendment set forth that while Thomas A. Brown was the owner, the legal title was in a brewing company, holding under certain conditions which, it is urged, virtually converts the deed to the brewing company into a mortgage. The petition for amendment shows that it was not intended as an outright sale of property but a conveyance of the legal title to secure the payment of certain debts. The applicant, after the conveyance was made, put large sums of money in the property by way of improvements, paid the taxes, insurance and repair. Under these circumstances, with the legal title held in such manner, we do not think the court abused its discretion when it allowed the amendment, if such amendment was really necessary. It must be understood that we do not undertake to determine the effect of this agreement. The parties themselves are apparently in harmony as to its effect. Careful practice might indicate that the name of the brewing company should have been set forth with that of Thomas A. Brown. The court below was uncertain as to just how the ownership should be expressed, but it was not in error in any view of the case, either in allowing the petition to stand as it originally stood, or in allowing the amendment as it did.

This case can easily be distinguished from the cases cited by the appellant's counsel—Miller's License, 13 Pa. Superior Ct. 272; Cramer's License, 23 Pa. Superior Ct. 596.; Forst's License, 23 Pa. Superior Ct. 600; Forst's License, 208 Pa. 578. As we said in Oberfell's License, 28 Pa. Superior Ct. 68: "An examination of all these cases will show that there was nothing upon the record

562, (1915).]        Opinion of the Court.

or in any way connected with the petition from which an amendment could be made or that would give notice or information to anyone who might examine the petition, of the facts omitted from the petition, and in that respect they differ from the case in hand." The amendment was properly within the discretion of the court under the common-law power which every court of record has: Pennsylvania & New York R. R. & Canal Co. v. Bunnell, 81 Pa. 414.

The other assignments of error have been disposed of in Rein's License, Elzey's Appeal. in an opinion this day filed ante, p. 557.

The decree is affirmed at the cost of the appellant.

